**Lillian A. Tenorio**
**Attorney at Law**
P.O. Box 501794
Saipan, MP 96950

Tel.: 234-7850
Fax: 234-7855

Attorney for Plaintiffs/Judgment Creditors Angelito Trinidad, Esperanza David, Ronnie Palermino, and Tony Alovera

FILED
Clerk
District Court

DEC 3 0 2005

For The Northern Mariana Islands
By_____
(Deputy Clerk)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE
# DISTRICT OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ANGELITO TRINIDAD, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> JOHN S. PANGELINAN, et al., <br><br> Defendants. | CIVIL ACTION NO. 97-0073 <br><br> **MOTION FOR WRIT OF EXECUTION AND SALE OF REAL PROPERTY** <br><br> Date: Jan. 26, 2006 <br> Time: 9 a.m. <br> Judge: David A. Wiseman |

## MOTION FOR WRIT OF EXECUTION

Pursuant to Fed. R. Civ. P. 69(a), Attorney for plaintiffs Angelito Trinidad, Esperanza David, Ronnie Palermino, and Tony Alovera moves this court to issue a writ of execution on the balance of the judgment rendered on March 20, 2000, by this court in the original amount of $205,787.34, plus attorney's fees of

$70,200.00 and costs of $3,375.20, totaling $279,362.54 plus interest of 6.197% per annum until paid, as increased by such additional and further sanctions ordered by this court on July 30, 2001; September 6, 2001; January 8, 2004; and April 1, 2004, respectively.

Specifically, Plaintiffs seek a writ authorizing the sale at auction of certain real property owned by Defendants and located within the Commonwealth of the Northern Mariana Islands and specifically that particular parcel of land known as E.A. 222, comprised of approximately 96,905 square meters, situated in Papago, Saipan. (*See* Leon Guerrero Decl., attached hereto as Ex. "A".)

In support of their motion, Plaintiffs further submit the Declaration of Lillian A. Tenorio, Esq. and assert the following facts:

1.  On March 20, 2000 Plaintiffs obtained a judgment in their favor in the original amount of $205,787.34, plus attorney's fees of $70,200.00 and costs of $3,375.20, totaling $279,362.54 plus interest of 6.197% per annum until paid. (*See* Tenorio Decl. ¶ 3, attached hereto as Ex. "B.")

2.  Pursuant to the Order of this court, Plaintiffs partially executed on the judgment in the amount of $210,000.00, leaving an outstanding balance of $91,610.86 with accrued interest as of June 26, 2001. (*See* Tenorio Decl. ¶ 8.)

3.  There has been no voluntary effort on the part of Defendants to satisfy the judgment since its date of entry. (*Id.* ¶¶ 10-13.) Further and additional

efforts to collect the unpaid balance have been repeatedly frustrated. *Id.*

4. As of December 30, 2005, a balance of $158,779.09, remains outstanding. Interest will continue to accrue daily at the rate of $19.79 per diem.

5. The court's record in this case also reflects the imposition of the following additional sanctions against Defendants:

    A. $300.00, as of February 25, 1999;

    B. $889.84, as of July 30, 2001;

    C. $4,848.85 as of September 16, 2001;

    D. $545.00 as of January 8, 2004; and

    E. $214.00 as of April 1, 2004.

(*See* Tenorio Decl. ¶ 10.)

6. As of December 30, 2005, the amount remaining unpaid on the judgment and the additional sanctions, including accrued interest, computes to $158,779.09. (*See* Tenorio Decl. ¶ 11.)

7. As of the date of this motion, no additional or further payments on the additional sanctions have been received. (*Id.* ¶ 12.) Instead, Defendants have exhibited every intention of not making any voluntary payments on the judgment and of diverting to third parties, including family members, whatever assets may be available to satisfy the debt. (*Id.* ¶¶ 12-13.)

Wherefore, the Plaintiffs respectfully request that pursuant to Fed. R. Civ.

P. 69(a), the court grant the Motion for a Writ of Execution and order the sale and auction of Lot No. E.A. 222 (96,905 m$^2$) by the properly designated United States Marshal, or any other duly designated agent or person in aid of the March 20, 2000 judgment and the additional sanctions awarded by this court. Plaintiffs further submit that any such order should properly include any and all additional costs reasonably incurred by the United States Marshal or other designated agent or person as a result of executing the judgment, including costs related to the sale and auction of the non-exempt real property.

Respectfully submitted on this 31st day of December, 2005.

Lillian Ada Tenorio
Attorney for Plaintiffs Angelito
Trinidad, Esperanza David, Ronnie
Palermino, and Tony Alovera

# IN THE UNITED STATES DISTRICT COURT
# FOR THE
# DISTRICT OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ANGELITO TRINIDAD, et al,<br><br>Plaintiffs,<br><br>vs.<br><br>JOHN S. PANGELINAN, et al.,<br><br>Defendants. | CIVIL ACTION NO. 97-003<br><br>**DECLARATION OF BERTHA LEON GUERRERO IN SUPPORT OF MOTION FOR WRIT OF EXECUTION**<br><br>Date:<br>Time:<br>Judge: David A. Wiseman |

I, **BERTHA LEON GUERRERO**, do hereby declare the following:

1.   I am a United States citizen, and am over the age of 18.

2.   I am currently self-employed as a consultant and as a land document researcher, and I take work assignments on commission.

3.   I was commissioned by Robert Tenorio Torres to research the availability of land assets belonging to the Defendants in the above-entitled matter. In doing so, I discovered that Defendant John S. Pangelinan owns a large number of

**EXHIBIT "A"**

properties of various sizes and in various interests here in the CNMI. For example, Mr. Pangelinan has leased a substantial piece of property in Obyan, but that property remains encumbered. I sought to find unencumbered and viable property for which the Plaintiffs could obtain a Writ of Attachment.

4. I focused on one particular parcel of land owned by the Defendants, Lot No. E.A. 222 (96,905 m$^2$) situated in Papago, Saipan.

5. During my research, I discovered that the Defendant John S. Pangelinan came to own Lot No. E.A. 222, through the Final Decree of Partial Distribution from the Estate of Jose W. Pangelinan.

6. Upon further examination of public records on file at the Commonwealth Recorder's Office, the records indicate that Defendant John S. Pangelinan currently has right, title and interest to Lot No. E.A. 222 (96,905 m$^2$) situated in Papago, Saipan.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Signed this 29th day of December 2005.

BERTHA LEON GUERRERO

- 2 -

**Lillian A. Tenorio**
**Attorney at Law**
P.O. Box 501794 CK
Saipan, MP 96950

Tel.: 234-7850
Fax: 234-7855

Attorney for Plaintiffs/Judgment Creditors Angelito Trinidad, Esperanza David, Ronnie Palermino, and Tony Alovera

IN THE UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ANGELITO TRINIDAD, et al, <br><br> Plaintiffs, <br><br> vs. <br><br> JOHN S. PANGELINAN, et al., <br><br> Defendants. | CIVIL ACTION NO. 97-003 <br><br> **DECLARATION OF LILLIAN A. TENORIO IN SUPPORT OF MOTION FOR WRIT OF EXECUTION** <br><br> Date: <br> Time: <br> Judge: David A. Wiseman |

I, LILLIAN ADA TENORIO, do hereby declare the following:

1. I am a United States citizen, and am over the age of 18.

2. I am an attorney duly licensed to practice law in all courts of the Commonwealth of the Northern Mariana Islands. I represent the plaintiffs in this civil action. I make this Declaration from my personal knowledge, and if called to

**EXHIBIT "B"**

testify, I could and would do so on the basis of the facts and circumstances set forth herein.

3. This civil action was filed December 1, 1997. A judgment was entered on March 20, 2000 in favor of the Plaintiffs in the amount of $279,362.54, including interest and attorney's fees and costs.

4. Pursuant to a Writ of Execution issued on June 26, 2001, Plaintiffs purchased four parcels of land belonging to Defendants for $210,000.00 in partial fulfillment of the judgment, leaving a $88,211.45 deficit remaining.

5. Twenty-eight U.S.C. § 1961(a) sets forth the interest rate applicable to judgments recovered in a Federal District Court. For a judgment rendered in March of 2000, the statute provides for interest calculated at a rate equal to the coupon issue yield equivalent (as determined by the Secretary of the Treasury) of the average accepted auction price for the last auction of fifty-two week United States Treasury bills. The table appended to section 1961(a) contains the equivalent coupon issue yield rate and dates of treasury bill auctions. The statute further provides that interest is to be computed daily to the date of payment, and compounded annually. 28 USCA 1961(b).

6. The table appended to section 1961(a) lists the equivalent coupon issue yield rate for treasury bills. Thus, the interest rate applicable to a judgment issued by a district court in March of 2000 is 6.197% per annum.

7.   Applying the statutory interest rate to the judgment rendered by the court in the instant case reflects that from March 20, 2000, the day following the entry of judgment until the date of execution on June 26, 2001 (the date on which the property sale proceeds were applied), the judgment had accrued $22,248.33, in interest.

8.   Proceeds from the judicial sale of the property amounted to $210,000.00. As of June 26, 2001, the outstanding balance of the judgment, with accrued interest and after setoff, amounted to $91,610.86.

9.   After June 26, 2001, interest continued to accrue on the unpaid balance at the annual rate of 6.197%. As of December 30, 2005, interest has accrued in the amount of $28,646.29. Until collected, interest will continue to accrue on the judgment at the rate of $19.79 per diem.

10.   In addition to the judgment, this Court has also awarded the Plaintiffs additional sanctions on five different occasions as follows:

A. On February 25, 1999, the Plaintiffs were awarded $300.00 in sanctions pursuant to the Court's Notice of Order Granting Motion to Compel Discovery, Awarding Attorney's Fees, and Granting Ex Parte Motion to File Fourth Amended Complaint.

B. On July 30, 2001, the Plaintiffs were awarded $889.84 in sanctions by the Court's Order Awarding Attorney's Fees and Costs to Plaintiffs' Attorney.

C. Again on September 6, 2001, the Plaintiffs were awarded $4,848.85 in sanctions by the Court's Order Granting Attorney's Fees and Costs.

D. On January 8, 2004, the Plaintiffs were awarded $545.00 in sanctions pursuant to the Court's Order Denying Defendant's Motion for an Accounting and Granting Plaintiff's Motion for Sanctions.

E. Finally, on April 1, 2004, the Plaintiffs were awarded $214.00 in sanctions by the Court's Order Granting Motion to Compel and for Sanctions. The total amount of sanctions awarded by the Court is $6,797.69.

11. The total uncollected balance remaining on the judgment, including accrued interest of $35,443.98, as of December 30, 2005, amounts to approximately $151,981.40. When the additional sanctions are included, the total amount owing is $158,779.09.

12. Efforts to collect on the judgment have been continually frustrated by the Defendants. For example, several of Defendant's properties were sold in 2001 to satisfy the judgment against him. After the Certificate of Sale had been filed, Defendant John Pangelinan filed a Deed of Gift for at least one of the properties naming his daughter as the beneficiary. When questioned about the transaction, Mr. Pangelinan drafted a reply on his daughter's behalf, alluding to the Nazi regime and the Battle of the Bulge. In his July 3, 2005 Letter to Robert Torres, attached hereto as Exhibit "A," Mr. Pangelinan displays the contemptuous attitude

that bought him jail time for failure to cooperate with collection efforts. In that letter, moreover, Mr. Pangelinan dared Plaintiffs to apply to this court to proceed with sanctions against him for nonpayment.

13. Defendant John Pangelinan, moreover, is further indicated in real property records as having an interest in Lot No. E.A. 222. Instead of using the property to satisfy this court's judgment, real property records reflect that Mr. Pangelinan has executed a lease with Clifford Sakamoto to the property and received income. None of this income has been turned over to the Plaintiffs.

14. Since voluntary payment appears never to be forthcoming, Plaintiffs' former counsel, Robert T. Torres, commissioned land researcher Bertha Leon Guerrero to research one particular parcel of land owned by the Defendants, Lot No. E.A. 222 (96,905 m$^2$) situated in Papago, Saipan.

15. Upon examination of public records on file at the Commonwealth Recorder's Office, and a report given to me by Ms. Leon Guerrero, as well as a Preliminary Title Report from Pacific American Title, the records indicate that Defendant John S. Pangelinan currently has right, title and interest to Lot. No. E.A. 222 (96,905 m$^2$) situated in Papago, Saipan.

16. John S. Pangelinan has shown that he will take whatever measures he can to stymie further efforts to discover additional assets from which this judgment can be finally satisfied, and that additional discovery will be futile.

Accordingly, in order to obtain full satisfaction of this judgment, the Plaintiffs desire a Writ of Execution on Lot No. E.A. 222 to satisfy the judgment owing.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Signed this 31st day of December, 2005.

*[signature]*

Lillian Ada Tenorio
Attorney for Plaintiffs

- 6 -

RECEIVED
DATE: 7/5/5 n/gu
    n:05

July 3, 2005

P.O. Box 501721
Saipan, MP 96950

Robert T. Torres
Attorney at Law
1st Flr, D' Torres Bldg.
P.O. Box 503758 CK
Saipan, MP 96950

Dear Mr. Torres,

This is in response to your letter of June 22, 2005, to my daughter, Marji Ann R Panyelinan.

"Nuts!" was the laconic reply of the American Colonel to the Nazi officer on his demand for the Allies surrender of a town at the Battle of the Bulge, WWII. Your bluff is hereby called. Run to Judge Wiseman and get your civil and criminal contempt against me.

What? Are you going to jail me some more? "File".

Sincerely,

[signature]

**EXHIBIT "A"**