**John S. Pangelinan**
**Merced B. Pangelinan**
P. O. Box 501721
Saipan, M.P. 96950

Tel. No. (670) 256-0526

FILED
Clerk
District Court

JAN 17 2006

For The Northern Mariana Islands
By_____
       (Deputy Clerk)

IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS
(CNMI)

| | |
|---|---|
| ANGELITO TRINIDAD, et al.<br><br>  Plaintiffs,<br><br>JOHN S. PANGELINAN, et al.<br><br>  Defendants. | CIVIL ACTION NO. 97-0073<br><br>**OBJECTION TO PLAINTIFFS' MOTION FOR WRIT OF EXECUTION AND SALE OF REAL PROPERTY** |

**COMES NOW** John S. Pangelinan and Merced B. Pangelinan, hereinafter the "Pangelinans", and object to Plaintiffs' Motion for Writ of Execution and Sale of Real Property, for reasons as follows:

**COURT LACKS JURISDICTION**

This proceeding, and all past proceedings and this case, is void for lack of subject matter jurisdiction and personal jurisdiction over the Pangelinans. There is now pending before a circuit judge a petition for writ of habeas corpus to determine whether this Court has said jurisdictions. (It is noteworthy that the circuit judge has of yet not denied the

petition, tellingly that it will be granted.) This Court must cease and desist from proceeding further.

## MOTION IMPROPER

Rule 69(a)&(b), Fed.R.Civ.P., say that a monetary judgment is to be enforced by writ of execution in accordance with state law. Since the CNMI has no statute as to who issues writs of execution, we refer to the common law. A writ of execution issues at the praecipe of the judgment creditor from the Clerk of the Court. <u>Yazoo & Mississippi Valley Railroad Company et al v. City of Clarksdale</u>, 42 S.Ct. 27, 257 U.S. 10, 23, 66 L.Ed. 104, 110 (1921)("sales under common law executions [ ] issue by mere praecipe of the judgment creditor on the judgment, without order of the court. ...The officer issuing the writ of execution must be the United States clerk." [at U.S. 24, L.Ed. 111]). In this case no order of the Court is necessary.

## ABUSE OF PROCESS

On June 5, 2000, this Court, the Pangelinans believe, issued an order authorizing the sale of a list of the Pangelinans' real properties, which included Lot No. E.A.222. Why the Plaintiffs failed to include the said lot in their first sale is beyond the Pangelinans. There is nothing new now to the condition of the Pangelinans' "rights, title and interest" in the said lot to warrant a new order. The writ of execution in the first sale executed the sale order of the Court of June 5, 2000. For another order and writ to issue constitute an abuse of process— this is especially so considering that the Plaintiffs bought the sold properties at incredibly low prices. For the Plaintiffs to obtain another

2

order and writ is for them to "having their cake and eating it too", and inequitable. In most jurisdictions in the nation, for equitable reasons and sound policy, the judgment creditor is <u>not</u> allowed to have a deficiency judgment entered against the judgment debtor when the judgment creditor was himself the purchaser at a foreclosure sale or judicial sale of judgment debtor's real properties (this is statutorily mandated in the State of Washington), or for the judgment creditor's purchase to be treated as for the entire remaining balance of the judgment. And here, it should especially be so as there is no deficiency judgment entered in the record, and it is neither authorized, and that the supposed deficiency is questioned. The Plaintiffs must bring a separate action to establish the deficiency.

Further, the Court must bear in mind that it is proceeding in equity in a post-judgment proceeding, presumably in the form of a creditor's bill— a second one at that, the first being the one that resulted in the order of June 5, 2000. It seems to the Plaintiffs, wrongly thinking, that there are countless post-judgment proceedings and endless processes with which to enforce a judgment in a single action. Previous orders, writs and processes issued by this Court have already *enforced* the judgment. Why Plaintiffs did not make full use of the orders, writs and processes to satisfy the judgment, the Pangelinans do not know, but the Plaintiffs are not now entitled to a second set of such processes. Again, Plaintiffs must bring a separate action to determine the deficiency, if there is any, and to obtain the same processes all over again.

Furthermore, as noted below, it is the Pangelinans' position that the judgment (assuming it is valid) is already satisfied and discharged— there is no deficiency, and whatever monetary sanctions imposed by the Court cannot authorize sale of real properties of the Pangelinans as they are not <u>judgments</u>. Writs of execution only issue to enforce a judgment. Rule 69, Fed.R.Civ.P.. This is why it is essential that Plaintiffs

bring a separate action to determine the deficiency and whatever sanction amount owed them, especially since the writ of scire facias (the proper writ to revive a judgment) has been abolished by court rule.

Thus, to grant Plaintiffs their motion is an abuse of process.

### TIME FRAME FOR ISSUANCE OF WRIT EXPIRED

At common law, writ of execution issues within a day and a year from the date of entry of judgment, and not beyond the said time frame. 30 Am Jur 2d, Executions §73 ("[A]n execution is generally issuable immediately after the entry of judgment."); 30 Am Jur 2d, Executions §74 {"[T]he general rule is that a writ of execution may not be issued on a judgment which has become dormant by lapse of time and has not been revived [presumably by writ of scire facias]. At common law, the limitation period within which a writ of execution was issuable was a year and a day."). The Court entered its judgment on March 20, 2000, and the date any writ should have issued in this case must be no later than March 21, 2001. Clearly, no writ of execution can issue now in this case, for, even allowing for tolling—say Rule 62, Fed.R.Civ.P., the writ would still be way beyond the date it should have issued. This limitation within which a writ of execution should issue should not be confused with the statute of limitations, which pertains to an action upon a judgment, and not revival—and, writ of scire facias is abolished by court rules, both federal and CNMI. The only recourse for Plaintiffs now is to bring a separate action on the judgment to establish the deficiency, and whatever monetary sanction owed them, and to execute upon the judgment that might issue thereupon. Again, as stated above, the judgment in this case has already been enforced by the processes Plaintiffs are now asking.

4

## MENTIONED PROPERTY SHOULD BE EXEMPT FROM SALE

The Pangelinans use Lot E.A. No. 222, Papago, Saipan, now as their place of residence, living off of it and as their source of income. See, Declaration of John S. Pangelinan, attached hereto. The Plaintiffs have indicated that defendant John S. Pangelinan has numerous real "properties of various sizes and in various interests" on Saipan but instead focused on Lot No. E.A. No. 222. See, Declaration of Bertha Leon Guerrero In Support Of Motion For Writ Of Execution, ¶3, attached to Plaintiffs' motion. It is not unreasonable that Plaintiffs first exhaust sale of other properties before turning to the very property that the Pangelinans use for their sustenance, maintenance and livelihood. And, because of this, under 7 CMC §4201(b) and 7 CMC § 4210(c), Lot No. E.A. 222 is indeed exempt from execution.

Reading the two statutory provisions in conjunction, and the chapter in its entirety, gives the unalterable conclusion that income or income producing property, whether it be wages, salary or rents, or land, are exempt from attachment and execution. The following authority supports this construction of the CNMI exemption statute:

> [I]t is well settled that exemption laws must be liberally construed in favor of a debtor and/or debtor's family, so that their purpose may be properly effected. For this reason, no mere technicality should defeat the right to exemption, and whenever the claim to an exemption can be brought within the purpose and intent of the statute by fair and reasonable interpretation, the exemption should be followed.

31 Am Jur 2d, Exemption §17. And, federal courts follow state exemption laws. 31 Am Jur 2d, Exemptions §304 ("Exemption allowed by state laws are recognized and allowed in federal courts"). Furthermore, the provisions of Rule 69(a), Fed.R.Civ.P., have been interpreted to include exemptions from execution and from whatever enforcement

process district court may otherwise direct as being governed by state law. <u>Fink v O'Niel</u>, 106 U.S. 272, 1 S.Ct. 325, 2 L.Ed 196 (1882) (recognized that defendant was entitled to exemption under state law which the U.S. could not execute upon); 30 Am Jur 2d, Executions §114 ("In regard to property subject to an execution issued out of a federal court, it was held early on that where Congress passed no law on the subject, the federal court was bound to decide the matter according to the law of the state in which the court was sitting").

Thus, Plaintiffs' motion must be denied.

## SATISFACTION AND DISCHARGE

The Pangelinans contend that the judgment, if indeed it is valid, is satisfied and discharged by the rents attached by the writ of attachment issued by this Court on (they believe) June 30, 2000, issuing out of Lot No. 014 D. 03, Garapan, Saipan. It is the Pangelinans' position that the title acquired by the Plaintiffs by the supposed deed to the said Lot No. 014 D 03 violates the Constitution of the Northern Mariana Islands on land alienation restriction and is void and Plaintiffs acquired no interest in the lot—only one of the many reasons the Pangelinans contend Plaintiffs acquired no title or right in and to the said lot.. The rents that Plaintiffs were getting issuing from the rental of the said lot under the writ of attachment issued by this Court more than paid off the "deficiency judgment" Plaintiffs claim to exist. But even if the deed is not in violation of the CNMI constitutional restriction on land alienation, the sale of the lot to them did not transfer the rights of the Pangelinans under the lease agreement that were the subject of the writ of attachment, one of which is the rents. The "deed" only gave them, as leasehold interested persons, right of entry to the land and not the rents belonging to the Pangelinans, because

at common law choses in action (i.e., contracts) cannot be levied upon as personal property and no levy upon the rents and the lease agreement was, nor could be, made. Yazoo & Mississippi Valley Railroad Company et al v. City of Clarksdale, 42 S.Ct. 27, 257 U.S. 10, 21, 66 L.Ed. 104, 110 (1921)("At common law, choses in action were not subject to levy as personal property").

## CONCLUSION

For the reasons above and foregoing, Plaintiffs motion must and should be rejected.

DATED this 17th day of January, 2006.

_____
John S. Pangelinan, Defendant Pro se

_____
Merced B. Pangelinan, Defendant Pro se