**Lillian A. Tenorio**
**Attorney at Law**
P.O. Box 501794 CK
Saipan, MP 96950

Tel.: 234-7850
Fax: 234-7855

Attorney for Plaintiffs/Judgment Creditors Angelito Trinidad, Esperanza David, Ronnie Palermino, and Tony Alovera

F I L E D
Clerk
District Court

JUN 1 3 2006

For The Northern Mariana Islands
By_____
(Deputy Clerk)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE
# DISTRICT OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ANGELITO TRINIDAD, et al, <br><br> Plaintiffs, <br><br> vs. <br><br> JOHN S. PANGELINAN, et al., <br><br> Defendants. | CIVIL ACTION NO. 97-0073 <br><br> **DECLARATION OF ROY ALEXANDER REGARDING REPORT ON NOTICE OF SALE FOR JUNE 2, 2006** |

I, ROY ALEXANDER, do hereby declare the following:

1. I am a United States citizen, and am over the age of 18.

2. I make this Declaration from my personal knowledge, and if called to testify, I could and would do so on the basis of the facts and circumstances set forth herein.

3. On June 1, 2006, I received a call from my office staff Roy Bueno that a John S. Pangelinan was waiting for me in my office in San Jose Village and that he was waiting to personally deliver a letter to me at my office.

4. I recognized the name as one of the defendants in the above suit in which I have been appointed by the court to levy execution on his property and conduct an auction if necessary to satisfy the remaining balance on the judgement and other costs relating to the suit.

5. Because I was in conference at a project located within walking distance from my office, I told Mr. Bueno to obtain Mr. Pangelinan's telephone number so that I would call him when I returned to the office and that I was not sure when my meeting would be over.

6. I purposefully stayed away from my office until I saw Mr. Pangelinan leave the premises.

7. Upon my return, Mr. Bueno showed me the letter that Mr. Pangelinan left for me. The letter was addressed to "Editor" and concerns the auction of Lot No. E.A. 222 that I had scheduled for June 2, 2006. (*See* Letter attached as Ex. "A").

8. Written in a tone to dissuade and even threaten any potential bidder on the property, Mr. Pangelinan writes that anyone who purchases the property "will feel my wrath with a vengeance."

9. Concerned about my staff's safety and individuals attending the auction, I telephoned Lillian A. Tenorio. It was decided to proceed with the auction and to call the police if it became necessary to do so.

10. Before the appointed time of the auction on June 2, 2006, I spoke to Ms. Tenorio on the telephone. She advised me that the auction would be postponed given that the Pangelinan letter was published in that day's edition of the Marianas Variety. (*See* Ex. "B".) It was agreed at 10:30 am, I would announce the postponement of the auction until a later date.

11. At 10:30 am, I stepped into the receiving area of my office and noticed that the only person present to attend the auction was Mr. Pangelinan. Upon hearing my announcement that the auction was postponed, he was visibly relieved of the news and said "Thank You" and left with a parting remark that I was "smart not to be involved."

12. The auction was set in advance and notice of the date and time of the auction was published twice in local newspapers. (*See* Ex. "C".) Because of Mr. Pangelinan's disruptive action in publishing his letter threatening retribution, I have no other choice but to incur additional costs to reschedule the auction for a later date and time.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Signed this 12th day of June, 2006.

_____
ROY ALEXANDER

June 1, 2006

Dear Editor,

A public notice has been made in the newspapers that my land in Papago will be auctioned off this Friday, June 2, 2006, by a Roy E. Alexander. Lest anybody kissing his money goodbye and buying nothing, I wish to inform everyone that the sale tomorrow is invalid and whoever becomes a purchaser acquires nothing and instead buys himself a lawsuit. I presently live on it and will never yeild it to anyone come typhoon, tsunami, volcanic eruption or the devil himself, and whoever comes over and claims it will feel my wrath with a vengeance.

The sale is invalid because the district court that authorized the sale had no jurisdiction over the subject matter and over me in the case from which the authorization came from. Everything in and about that case is void. Void judgment and orders of a court may be freely ignored and disobeyed, which in may case I choose to.

I was imprisoned for some nineteen months for disobedience of an order of the court in the case and released when the people who put me there finally gave up. I now await a decision from a circuit judge of the U.S. Court of Appeals for the Ninth Circuit to whom I directed a petition for writ of habeas corpus for a determination of the illegality of my imprisonment. Right now I am drafting a huge lawsuit against all those responsible parties who put me in jail and against all those who injured or will injure me in my property relating to that case. Believe me, you would not want to be a party to it.

Thus, everyone is notified and informed.

Sincerely,


John S. Pangelinan



EXHIBIT A

MARIANAS VARIETY NEWS AND VIEWS · FRIDAY · JUNE 2, 2006

## Letters to the editor

### Not so fast

A PUBLIC notice has been made in the newspapers that my land in Papago will be auctioned off this Friday, June 2, 2006, by a Roy E. Alexander. Lest anybody kissing his money goodbye and buying nothing, I wish to inform everyone that the sale tomorrow is invalid and whoever becomes a purchaser acquires nothing and instead buys himself a lawsuit. I presently live on it and will never yield it to anyone come typhoon, tsunami, volcanic eruption or the devil himself, and whoever comes over and claims it will feel my wrath with a vengeance.

The sale is invalid because the district court that authorized the sale had no jurisdiction over the subject matter and over me in the case from which the authorization came from. Everything in and about that case is void. Void judgment and orders of a court may be freely ignored and disobeyed, which in may case I choose to.

I was imprisoned for some nineteen months for disobedience of an order of the court in the case and released when the people who put me there finally gave up. I now await a decision from a circuit judge of the U.S. Court of Appeals for the Ninth Circuit to whom I directed a petition for writ of habeas corpus for a determination of the illegality of my imprisonment. Right now I am drafting a huge lawsuit against all those responsible parties who put me in jail and against all those who injured or will injure me in my property relating to that case. Believe me, you would not want to be a party to it.

Thus, everyone is notified and informed.

**JOHN S. PANGELINAN**
*Papago, Saipan*

LETTERS to the editor must carry the full name of the writer and signature, with a telephone case of faxed or mailed letters) for verification. Letters addressed to other publications or to t. and those endorsing particular political candidates



EXHIBIT B

TUESDAY, MAY 23, 2006

SAIPAN TRIBUNE

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF THE NORTHERN MARIANA ISLANDS

ANGELITO TRINIDAD, et al., Plaintiffs,
vs.
JOHN S. PANGELINAN, et al., Defendants.

CASE NO. CV-97-0073

NOTICE OF SALE

NOTICE IS HEREBY GIVEN pursuant to the Amended Order Granting Writ of Execution issued by the Court in this matter on March 6, 2006, I will sell, at public auction to the highest bidder, on the terms and conditions set forth herein below, all of the right, title, and interest of Defendants in and to the following property:

Lot No. EA No. 222, situated in Papago, Saipan, Commonwealth of Northern Mariana Islands containing an area of 96,905 square meters, more or less, as more particularly described on Drawing/Cadastral Plat No. 2043/80, the original of which was registered with Land Registry as Document No. 10761, on the 18th day of September, 1980.

1) **Date, Time and Place of Sale:** The sale will be held on Friday, June 02, 2006 at the Alexander Realty & Development office, Alexander Building, Beach Road, San Jose, at the hour of 10:30 a.m. The sale will be open to the general public.

2) **Inspection of Property:** The property described above is presently located at the former Harvey Nursery on the Cross Island road in Papago, Saipan, Northern Mariana Islands. It is the obligation of the bidder to inspect the property. Failure to inspect the property or any portion thereof will not constitute ground for any claim, adjustment, or rescission by any buyer.

3) **Warranties and Covenants:** All property listed for sale in this Notice will be sold in its current condition, and at its current location. The sale will be held without any warranties or covenants whatsoever, whether express or implied, including but not limited to warranties of title, merchantability, and/or fitness for any purpose whatsoever, all of which warranties and covenants are hereby expressly disclaimed. Neither the undersigned nor the Plaintiffs make any warranty or covenant, express or implied, with respect to the property listed for sale in this Notice. Neither the undersigned nor the Plaintiffs shall be liable for the quality of the property listed for sale in this Notice, or for any defect in the description thereof. Buyers shall not be entitled to rescission, damages, or any other remedy on account thereof.

4) **Conduct of Sale:**
(1) Reserve. The auction sale may be held with reserve. The reserve price on any property offered for sale may or may not be disclosed to bidders, in the sole discretion of the undersigned.
(2) Rights and Duties of Auctioneer. Consistent with the laws, customs, and usages of the Commonwealth of the Northern Mariana Islands governing auction sales, the undersigned shall have the following rights and duties in conducting the auction sale: (1) to withdraw any property listed for sale in this Notice before sale or before sale is closed or a bid for such property is accepted; (2) to adjourn the sale without notice of any kind before any specific property is struck off, without incurring any liability whatsoever thereby; and (3) to reject, on behalf of the seller, any and/or all bids, for any reason.
(3) Bids. Bids may be submitted in advance for any or all of the property listed in this Notice. The highest of such bids will automatically be considered the opening bid for the item. Advance bids may be submitted only in writing, signed by the bidder, and delivered to the Law Office of Colin M. Thompson at Plaza Drive, Chalan Kiya, Saipan MP 96950. The bidder assumes all risk of nondelivery, late delivery, or mis-delivery of bids. Any person, including the Plaintiffs, may bid in person at the auction sale, whether or not such person has submitted an advance bid.
(4) Disputes. The undersigned may re-submit any property listed in this Notice if a dispute arises as to any bid thereon.

5) **Enforcement of Auction Sale:**
a) Deposit. Every successful bidder shall pay to the undersigned a deposit of ten percent (10%) of the purchase price immediately after the sale is consummated. Payment thereof in cash or by certified check. The balance must be paid to the Plaintiffs, in care of Colin M. Thompson, within three (3) days from the date of sale, in cash or by certified check. If the balance is not so paid, Plaintiffs will retain the deposit as liquidated damages, and will again offer the property for sale.

6) **Memorandum of Sale.** If requested by the undersigned, every successful bidder must sign a Memorandum of Sale immediately after the sale of any property is struck off at the auction.

7) **Court Approval Required.** Every sale is subject to approval by the Court. The auctioneer makes no warranties or promises with respect to court approval of the sale, including but not limited to the time at which such approval may be granted or denied. Neither the granting of court approval shall be ground for any claim, adjustment, or rescission by any successful bidder. The successful bidder will be promptly notified if and when court approval is granted or denied. If the court approves the sale, the successful bidder shall immediately pay any balance on the total bid price. If the court denies the sale, any deposit shall be returned to the bidder without interest.

8) **Removal or Storage of Personal Property.** The successful bidder shall have one (1) working day after court approval of the sale to remove any personal property purchased from the place of sale. After the expiration of this 24-hour period, the successful bidder shall bear the entire risk of loss of or damage to such property, and shall be liable for all expenses of caring for and/or storing such property.

9) **Changes of Terms and Conditions:** The undersigned and the Plaintiffs reserve the right to change any of the terms hereof by announcement, written or oral, made before the auction sale, or at the commencement thereof, and such change or changes, by virtue of this clause, shall be binding on all bidders by constructive notice.

Date: May 15, 2006.

/s/ Roy E. Alexander
Auctioneer
Tel. No. 234-5117



EXHIBIT C