March 30, 2004


RECEIVED 03/30/04 HD

To: N. Horiguchi and Mr. Yagi
Fr: John S. Pangelinan
Re: Rents, Lot No. 014 D. 03, Garapan

Buenas!

I am writing you this to show you my unwavering stance that district court's decision in C.A. #97-0073 is void, ab initio. That means all orders issued after the judgment are also all void. The no-such-thing post-judgment writ of attachment, sale, order confirming sale, and any order issuing after this date are all void.

I do not know what transpired between you and plaintiffs. But I am telling you, inasmuch as they wanted to be landlord to you, they are all wrong at that and they cannot be one. Plaintiffs now are applying to the court for a "permanent injunction", but this flies in the face of the Ninth Circuit Court's memorandum in my criminal case, which states that the district never converted its preliminary injunction, nor did it intend it to go beyond April 24, 2002, and that the injunction expired on that date. Why a permanent injunction when there is no preliminary injunction now to convert to a permanent one? It would be a mockery of the circuit court's decision when the district court issues a permanent injunction-- that would assuredly raise the ire of the circuit court. This, however, is all academic, because the application for permanent injunction is void, the yet-to-be injunction is void, and everything thereafter is void. And, whatever order issues Yours Truly will just ignore it, again, because the judgment of the court is void. The district court may refuse, albeit contrary to law, to grant me the relief given to void judgments (that is, dismissal) but that does not resuscitate or ressurrect a dead judgment. And, if the district court should, albeit unlawfully, incarcerate me for violating any injunction, like the lucky five in C.A. #04-0010 did who are now having to account for their illegal actions in my criminal contempt case, this time it will be through a petition for writ of habeas corpus to an irate judge at the Ninth Circuit who will order my release summarily. And, assuredly, a legal action will follow against all responsible parties who caused my incarceration.

I have already been arrested at the restaurant site for attempting to reclaim my property, and I reserve whether to forego or not any legal claim against you and the police officers involved. But, this time I forewarn you, that if I should be arrested again because I attempt to reclaim my property, there will not be any reservation. To avoid all this, just follow my instruction in my last letter to you: make direct rental payments henceforth to my


EXHIBIT "A"

checking account at the Bank of Hawaii, Garapan Branch at Puerto Rico, Acc'nt #0032-293115.

You have already paid substantial sums (I believe about $80+ Thousand) in rents to someone not entitled to them. But I warned you about this, and it is which you might not be able to recover. That, however, is your problem. I am still owed the past rents, but that we will deal with later.

I believe it was Henry David Thoreau, the American colonialist, who said something to the effect that there are times when we have to face up to authorities in the form of civil disobedience to protest their erroneous conduct, and face them off to the limit necessary to demonstrate our conviction that we are in the right. This is precisely what this letter is all about.

Sincerely,

*[signature]*

John S. Pangelinan

xc: Robert T. Torres, plaintiffs' attorney in C.A. 97-0073, U.S. District Court for the Northern Mariana Islands.

   David A. Wiseman, Pro Tem. Judge, U.S. District Court for the Northern Mariana Islands.