**Lillian Ada Tenorio**
**Attorney at Law**
P.O. Box 501794 CK
Plata Drive, Chalan Kiya
Saipan, MP 96950

Tel.: 234-7850
Fax: 234-7855

Attorney for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT
# FOR THE
# DISTRICT OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ANGELITO TRINIDAD, et al, ) | CIVIL ACTION NO. 97-0073 |
| ) | |
| Plaintiffs, ) | **DECLARATION OF LILLIAN A..** |
| ) | **TENORIO IN SUPPORT OF** |
| vs. ) | **MOTION FOR TEMPORARY AND** |
| ) | **PERMANENT INJUNCTIVE** |
| JOHN S. PANGELINAN, et al., ) | **RELIEF AGAINST JOHN S.** |
| ) | **PANGELINAN and MERCED B.** |
| Defendants. ) | **PANGELINAN** |
| _____ ) | |

I, LILLIAN A. TENORIO, do depose and say as follows:

1. I am over the age of eighteen years and have personal knowledge of the facts set forth herein. Should I be called to testify in this matter, I could and would do so on the basis of the information set forth below.

2. I am the attorney for Plaintiffs in the above-captioned action and have been acting in that capacity on behalf of Plaintiffs since December 30, 2005. In

1  this capacity, I am familiar with the pleadings and correspondence comprising this

2  action and supervise the preparation, maintenance, and review of all pleadings,

3

4  orders, and correspondence in this civil action.

5      3.      On January 28, 2006 and again on March 8, 2006, this court ordered

6

7  the sale of certain real property located in the Commonwealth of the Northern

8  Mariana Islands, known as Lot No. E.A. 222, which comprises approximately

9  96,905 square meters and is situated in Papago, Saipan.

10

11      4.      On February 22, 2006, Roy Alexander was authorized by the court to

12  levy execution upon said lot to satisfy the balance on the judgment rendered by the

13

14  court, accrued interest, and additional and further sanctions by this court. *See*

15  Order Authorizing Roy Alexander to Levy Execution.  Prior to the sale of Lot No.

16  E.A. 222, however, the court required Mr. Alexander to demand of the Defendants

17

18  that they pay the execution or exhibit sufficient property subject to execution.  In

19  the event that the execution was not paid in full, to include interests and costs and

20  expenses, Mr. Alexander would proceed to levy on the lot pursuant to 7 CMC §

21

22  4204(b) and (c).

23      4.      That demand was served on the Defendants on March 21, 2006.  (*See*

24

25  Demand Pursuant to 7 CMC § 4204(a); Notice of Levy on Lot No. E.A. 222 (filed

26  May 15, 2006) ("demand").  The demand notified Defendants that they could

27  either pay the remaining balance of the judgment, interest and attorney's fees,

28

1  costs, and expenses, or they could exhibit sufficient property subject to execution
2  within 15 days from the date of service and delivered within such time period to
3
4  the my office in Chalan Kiya, Saipan.  *Id*.  Otherwise, execution would be levied
5  on Lot No. E.A. 222 and judicial sale would proceed.
6
7       5.     The 15-day period ended on April 5, 2006, without any response from
8  the Defendants.  On April 6, 2006, I wrote to Mr. Alexander to notify him that no
9
10 full payment or exhibit of sufficient property subject to execution was delivered to
11 my office within the deadline specified in the demand.  (*See* Letter from Tenorio to
12 Alexander dated April 6, 2006 and attached hereto as Ex. "A".)
13
14      6.     Accordingly, the judicial sale of Lot No. E.A. 222 was scheduled to
15 proceed on June 2, 2006, pursuant to this court's Orders of January 28, 2006,
16 February 22, 2006, and March 8, 2006.
17
18      7.     The auction did not proceed however given the threats contained in
19 Mr. Pangelinan's letter to the editor of the MARIANAS VARIETY.  I was made
20 aware on June 1, 2006, that a copy of the letter had been delivered to Mr.
21
22 Alexander's office.  After consulting with Mr. Alexander, it was decided that we
23 would proceed with the auction and to call the police located within minutes of San
24 Jose if necessary.  However, in the morning of June 2nd, after the letter appeared in
25
26 the MARIANAS VARIETY and after further consultations with Mr. Alexander, we
27 reached a decision that in the interest of the safety of his staff, interested bidders
28

- 3 -

and others in attendance, the auction would be postponed to a later date pending an application to this court for a restraining order against the Defendants.

8. Undeterred by the multiple sanctions imposed against them, the Pangelinans remain defiant and perhaps even more menacing. Mr. Pangelinan's recent letters and threats signal the resurrection of a consistent pattern of conduct of intimidation that has developed since the entry of judgment against them.[1] Given these circumstances, it is clear to me that the Pangelinans have every intention of using any means possible to thwart the judicial sale of Lot No. E.A. 222, in continued disregard of this court's orders to satisfy the outstanding judgment and other sums owed to the Plaintiffs.

9. For years Plaintiffs have been frustrated by the Pangelinans in their efforts to collect on the judgment awarded by a jury. The sale of Lot No. E.A. 222 will satisfy the remaining balance on the judgment and other sums and costs incurred by the Plaintiffs in this protracted litigation. With the Pangelinans' recently renewed threats to obstruct yet again the judicial process, a restraining order against them is imperative so that the judicial sale of Lot No. E.A. 222 may proceed as ordered by the court, without risking harm to those whom they perceive are standing in their way.

---

[1] In a letter dated February 1, 2006, Mr. Pangelinan declared that because I had "already rolled the dice" I was headed to financial ruin and declared then that the judgment in this case is "dead as Julius Caesar." (*See* Letter from Pangelinan to Tenorio of February 1, 2006 attached as Ex. "B".)

- 4 -

10. Mr. Alexander and I have since discussed possible dates for the auction. Mr. Alexander has indicated that he will schedule the sale to take place on July 28, 2006.

I declare under penalty of perjury that the foregoing facts are true and correct.

Dated this ___ day of June, 2006.

                                                                    _____
                                                                    Lillian Ada Tenorio
                                                                    Attorney for Plaintiffs