F I L E D
Clerk
District Court

JUN 2 9 2006

For The Northern Mariana Islands
By_____
(Deputy Clerk)

1
2
3
4

**Lillian Ada Tenorio**
**Attorney at Law**
P.O. Box 501794 CK
Plata Drive, Chalan Kiya
Saipan, MP 96950

5
6

Tel.: 234-7850
Fax: 234-7855

7

Attorney for Plaintiffs

8

9

10
11
12

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF THE NORTHERN MARIANA ISLANDS**

13

14    ANGELITO TRINIDAD, et al,                  )         CIVIL ACTION NO. 97-003
                                                )
15              Plaintiffs,                      )         [PROPOSED] ORDER GRANTING
                                                )         **MOTION FOR TEMPORARY**
16                                               )         **RESTRAINING ORDER**
17    vs.                                        )
                                                )
18    JOHN S. PANGELINAN, et al.,                )
                                                )
19              Defendants.                      )
20    _____        )

21
22

    This matter came before the court on June 27, 2006, for hearing on

23    Plaintiffs' Combined Response to Amended Order to Show Cause and Request for

24    Injunctive Relief ("Request for Injunctive Relief").  Present were counsel for the

25
26    Plaintiffs and Defendants John S. Pangelinan and Merced B. Pangelinan appearing

27    pro se.  The court, having considered Plaintiffs' motion for a temporary restraining

28    order and permanent injunction set forth therein, along with the Declaration of

Lillian A. Tenorio; the exhibits to the motion and declaration; and the files and records of this proceeding, hereby FINDS as follows:

1.    Defendants John S. and Merced B. Pangelinan were personally served with the Plaintiffs' Combined Response to the Amended Order to Show Cause and Request for Injunctive Relief on June 16, 2006.

2.    To satisfy the balance of the outstanding judgment in this case, on January 28, 2006, this Court issued its Order Granting Writ of Execution, amended by its March 8, 2006 Order, of certain real property located in the Commonwealth of the Northern Mariana Islands, known as Lot No. E.A. 222, comprising approximately 96,905 square meters and situated in Papago, Saipan. On February 22, 2006, the court authorized Roy Alexander to levy execution upon the property. A judicial sale of the property was scheduled to proceed on June 2, 2006.

3.    Prior to the sale, John S. Pangelinan published his intent to take immediate action to obstruct and interfere with the judicial sale of Lot No. E.A. 222 and to take reprisals against all persons involved with the sale, purchaser(s) of the property, as well as potential bidders.   To dissuade potential purchasers from bidding on the property and to intimidate those involved and connected with the sale, Mr. Pangelinan published a Letter to the Editor of the MARIANAS VARIETY containing threats and promises of retribution.

-2-

1
2
3
4
5
6
7
8

4.      The Declaration of Counsel, along with the exhibit submitted concurrently therewith, reflects that as a  result of Mr. Pangelinan's interference with this court's orders actions and his prior history of interfering with the collection of the judgment, sale participants feared for their personal safety and well-being; the sale was interrupted; and further collection action on the judgment was deferred.

9
10
11
12
13
14
15

5.      In the MARIANAS VARIETY and elsewhere, John Pangelinan has publicly sworn that he "will never yield the property to anyone, "come typhoon, tsunami, volcanic eruption or the devil himself...."  Mr. Pangelinan has made his intent to take action against sale participants very clear: "whoever comes over and claims [the property] will feel my wrath with a vengeance."

16
17
18
19
20
21
22

6.      The court finds that this is not the first time that John S. Pangelinan has interfered with this court's order of sale and judgment.  The tortured history of this case, embedded in the court's file and in the Declaration of Counsel, reflects that in July of 2001, John Pangelinan initiated efforts to divert the rental income from property sold to satisfy the judgment.

23
24
25
26
27
28

7.      John Pangelinan's actions have interrupted the judicial sale; interfered with judgment collection efforts; and driven up costs associated with the collection of the judgment.  If permitted to continue, the court finds that the satisfaction of the judgment will continue to be impeded, and that the Plaintiffs

will suffer immediate and irreparable injury, loss and damage.

Therefore, for good cause shown, IT IS ORDERED that:

A.    John S. Pangelinan and his agents, employees, successors, and attorneys, and all those in active concert or participation with him or on his behalf shall refrain immediately from impeding or interfering with the levy on and judicial sale of Lot No. E.A. 222, acquisition of property, subsequent occupancy, transfer, quiet enjoyment or other use pending the final hearing and determination of Plaintiffs' request for permanent injunctive relief.  John S. Pangelinan and his agents, employees, successors, and attorneys, and all those in active concert or participation with him or on his behalf shall have no direct contact with:

(1) Roy Alexander, his agents or employees,

(2) Lillian A. Tenorio and her employees,

(3) Robert T. Torres and his employees, and

(4) The purchaser of Lot No. E.A. 222

Provided that Mr. Pangelinan may attend the auction of Lot No. E.A. 222, but shall not engage in conduct that would disrupt the auction proceedings or provoke a breach of the peace.  Furthermore, if the court confirms and approves the sale of Lot No. E.A. 222, John S. Pangelinan shall relinquish possession of the premises and he and his agents, employees, successors, and attorneys shall leave the premises peacefully without provoking a breach of the peace or interfering with

- 4 -

1    the use and quiet enjoyment of the premises.

2
         B.    Plaintiffs' request for a permanent injunction will be heard by this
3
4    court at 10:30 ~~11~~ am, on July 5, 2006.

5
         C.    Plaintiffs shall not be required to post a bond or security.
6
7    IT IS SO ORDERED.

8    Dated this _____ day of June 2006.

9

10

11   DAVID A. WISEMAN
     Judge Pro Tempore
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28