JOHN S. PANGELINAN
MERCED B. PANGELINAN
P. O. Box 501721
Saipan, MP 96950

Telephone No. (670) 256-0526

Pro se

F I L E D
Clerk
District Court

JUL 1 7 2006

For The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE
UNITED STATES DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ANGELITO TRINIDAD, et al. | Civil Action No. 97-0073 |
| Plaintiffs, | |
| v. | OPPOSITION TO PLAINTIFFS' MOTION FOR PERMANENT INJUNCTION |
| JOHN S. PANGELINAN, et al. | |
| Defendants. | |

COMES NOW, JOHN S. PANGELINAN, herein referred to as "Pangelinan", and objects to plaintiffs' motion for permanent injunction for reasons as follows:

**Plaintiffs Lack Standing**

The remedy plaintiffs request is a remedy to redress third parties' perceived injury. Nowhere in plaintiffs' motion requests a remedy for *their* injury caused by Pangelinan's alleged misconduct. And, just like the underlying action wherein plaintiffs have no

standing, plaintiffs have no standing to redress third parties' injury in this action or in any action. If Pangelinan's alleged injurious conduct injured third parties, then third parties have a cause of action against Pangelinan, which they must file separately from this action. It is, however, doubtful if this court has subject matter jurisdiction as third parties are non-diverse U.S. citizens to that of Pangelinan's citizenship. Third parties cannot "backdoor" Pangelinan to obtain the desired remedy in this action. Nor, plaintiffs cannot bootstrap third parties' remedy by joining it late in the day in this action.

As for would-be purchaser's remedy (Pangelinan's orderd departure from the property), plaintiffs are already asking it for such party who has not been injured yet by Pangelinan's threat of not yielding the property to anyone. If would-be purchaser becomes a purchaser, he would be claiming under a quitclaim deed and would have a cause of action against *all* occupants (including Pangelinan) of the property, subject to all defects in *his* (not that of the occupants') title and right of possession. And, again, because of the land alienation restriction that it be made to U.S. citizens, it is doubtful if this court would have subject matter jurisdiction over would-be purchaser's non-diverse citizenship to that of Pangelinan's.

Again, plaintiffs do not have standing for third parties' injury and cannot obtain the relief for them in this action, especially when this courts subject matter jurisdiction is in question in a future action.

### Granting Motion Tantamount to Pangelinan's Denial of Due Process

To grant plaintiffs' motion to force Pangelinan to leave the premises upon the sale of his property, it would be tantamount to Pangelinan's deprivation of property without due process of law. Enjoyment of this right (right to due process) is one of the rights secured

by the Fifth Amendment to the U.S. Constitution that 18 U.S.C. §241 is designed to protect. Pangelinan is entitled to have his day in court, come that day, to confront the person who would be attempting to take the property of Pangelinan, by that person's show of presumably a paramount title or right of possession in himself. Granting plaintiffs' motion is transparently void and sets in motion a conspiracy in the making in violation 18 U.S.C. §241. No one is immune to criminal complaint and everyone is urged to stop everything, dead on its track. Frankly, the grant of the restraining order has already set in motion a conspiracy in violation of 18 U.S.C. §241.

### Grant of Pangelinan's Subtitution Motion Obviates Need for Injunction

Pangelinan motion's, concurrently submitted with this objection, if granted would obviate the need, if one is really needed, for the permanent injunction by plaintiffs. The court, if it grants Pangelinan's motion for substitution, must deny plaintiffs' motion for permanent injunction.

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

Dated this 17th day of July, 2006.

John S. Pangelinan
Defendant, Pro se

3