**Lillian A. Tenorio**
**Attorney at Law**
P.O. Box 503758
Saipan, MP 96950

Tel.: 234-7859
Fax: 234-5749

Attorney for Plaintiffs/Judgment Creditors Angelito Trinidad, Esperanza David, Ronnie Palermino, and Tony Alovera

# IN THE UNITED STATES DISTRICT COURT
# FOR THE
# DISTRICT OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ANGELITO TRINIDAD, et al,<br><br>　　　Plaintiffs,<br><br>vs.<br><br>JOHN S. PANGELINAN, et. al.<br><br>　　　Defendants. | CIVIL ACTION NO. 97-0073<br><br>PLAINTIFFS' RESPONSE TO DEFENDANTS' OPPOSITION TO<br><br>MOTION FOR PERMANENT INJUNCTION<br><br>Date: July 19, 2006<br>Time: 10 am<br>Judge: David A. Wiseman |

In their Opposition to Plaintiffs' Motion for Permanent Injunction, Defendants raise the identical arguments repeatedly rejected by this court before: (1) that Plaintiffs lack standing to redress the injuries of would-be purchasers; and (2) granting the motion and forcing the Pangelinans to leave the property would deny them due process.   Both of these arguments lack merit.

**John Pangelinan Has Impeded Plaintiffs' Efforts to Collect their Judgment**

With respect to the standing argument, even Defendants do not dispute that the injuries caused by and directly attributable to Defendants' willful interference with the order authorizing sale include the loss of property from which Plaintiffs can satisfy the deficiency judgment. Put otherwise, a threat to extract vengeance from a would-be purchaser that understandably discourages buyers and otherwise interferes with a judicial sale is an immediate, direct, and certain injury to Plaintiffs. For these reasons, Defendants' standing argument must fail.

**Enjoining Pangelinan from Interfering with the Sale**
**Does Not Violate Due Process**

Defendants' due process objections are equally defective, since they are nothing more than a revival of their initial objections to the court's exercise of personal and subject matter jurisdiction. The Pangelinans' objections to the judgment and this court's jurisdiction are as dead as the proverbial doornail, and thus Defendants' insistence upon some so-called "right to confront the person who would be attempting to take the property of Pangelinan," in order to question and challenge the would-be purchaser's title to the property, is likewise as meaningless as it is premature. Due to the Pangelinans' threats and interference, there were no purchasers, and due to the Pangelinans' threats and interference, title never passed.

- 2 -

Notwithstanding John Pangelinan's quixotic forays, this court had jurisdiction to issue its judgment; Defendants failed to pay the judgment; the writ of execution duly issued; and any sale will proceed according to court order. At every phase of these proceedings, Defendants had the opportunity to be heard. Since this court plainly has jurisdiction over post-judgment proceedings pursuant to Federal Rule of Civil Procedure 69, there is no violation of due process.

**Unless John and Merced Pangelinan Participate Lawfully in Post-Judgment Proceedings and Turn Over Funds or Property to Satisfy the Judgment, Injunctive Relief Should Issue**

John Pangelinan argues that his proposal to satisfy the judgment through some exchange of certain real property obviates the need for injunctive relief. The immediate cancellation of these proceedings, however, is premature.

Plaintiffs would have no objection to a brief stay of these proceedings in order to permit the parties to determine whether certain property holdings of John Pangelinan could be transferred to satisfy the judgment subject to conditions which Plaintiffs have articulated in their separate pleading.

Respectfully submitted on this 18th day of July, 2006.

/s/ *Robert T. Torres*
Lillian A. Tenorio
Robert T. Torres
Attorneys for Plaintiffs Angelito Trinidad, et al.

- 3 -