**Lillian A. Tenorio**
**Attorney at Law**
P.O. Box 503758
Saipan, MP 96950

Tel.: 234-7859
Fax: 234-5749

Attorney for Plaintiffs/Judgment Creditors Angelito Trinidad, Esperanza David, Ronnie Palermino, and Tony Alovera

# IN THE UNITED STATES DISTRICT COURT
# FOR THE
# DISTRICT OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ANGELITO TRINIDAD, et al, | CIVIL ACTION NO. 97-0073 |
| Plaintiffs, | PLAINTIFFS' RESPONSE TO MOTION TO AMEND AMENDED ORDER SUBSTITUTING LOT E.A. 684 & PRE-WAR LOT 1511 FOR LOT E.A. 222, PAPAGO |
| vs. | |
| JOHN S. PANGELINAN, et al., | |
| Defendants. | Date: July 19, 2006<br>Time: 10 am<br>Judge: David A. Wiseman |

In their motion, filed some two days prior to this court's hearing on Plaintiffs' Motion for Permanent Injunction, Defendants the Pangelinans proposed to substitute Lot E.A. 684 in Kannat Tabla and pre-war Lot No. 1511 in Chalan Galaide for Lot E.A. 222, previously ordered subject to execution pursuant to the provisions of Federal Rule of Civil Procedure 69(a) and 7 CMC § 4203. *See* Order

Granting Writ of Execution (January 27, 2006) (Docket No. 485) (the "Order Granting Writ of Execution"); Amended Order Granting Writ of Execution (March 8, 2006) (Docket No. 502) (the "Amended Order Granting Writ of Execution")[1].

In their prior filings with this court, Defendants set forth the difficulties in collecting the remainder of the outstanding judgment and their efforts to locate unencumbered and viable property that they could attach. In its Orders Granting Writ of Execution, moreover, this court noted Defendants' repeated failure to provide Plaintiffs with the opportunity to discover facts confirming the value of Defendants' property holdings. See Orders at 6: 14-24.

Absent a title report prepared by an independent title company that plainly evidences the Pangelinans' ability to convey good and clear title to the two lots in question, therefore, Plaintiffs are without information and knowledge sufficient to determine whether the Pangelinans even possess the authority and the ability to convey the proposed property.

Absent an appraisal of the lots proposed for substitution, moreover, Plaintiffs are without facts to determine the value of the proposed lots and confirm

---

[1] Mr. Pangelinan, in a conference with undersigned counsel on July 18th, claims that he has not seen the Writ of Execution. This is not well-taken as the Court's order clearly is one which is the Writ of Execution granting the judicial auction presently scheduled for July 28th.

- 2 -

whether their value will be sufficient to satisfy the deficiency judgment and the unpaid costs and attorney's fees incurred in its collection.

Accordingly, Plaintiffs cannot agree to Defendants' proposal at this juncture. Were the Pangelinans to satisfy the conditions set forth below, however, Plaintiffs would have no objection to an Order Deferring Sale and Execution subject to the following:

1. Defendant John Pangelinan will submit to an in-court examination under oath as to the proposed properties. Alternately, within seven days from the date of any Order deferring sale and execution, Defendants will submit to a deposition under oath that would provide Plaintiffs with the opportunity to discover any additional assets available to satisfy the deficiency judgment of $85,899.58; interest on the judgment at 6.197% accruing from July 1, 2001 until paid in full; and costs and attorney's fees incurred in collecting the judgment.

2. In connection with the proposed Rule 69 deposition, Defendants will comply with a *subpoena duces tecum* and provide such documents and other material requested, so as to enable Plaintiffs to conduct meaningful discovery; and

3. Within seven days from the date of any Order deferring sale and execution, Defendants, at their sole expense, will provide Plaintiffs with a preliminary title report from Pacific American Title and a certified appraisal for each lot proposed as substitution; and

4. Defendants to bear all costs and fees incurred in the prosecution and defense of the motion for substitution; the delay in sale; and the requests for injunctive relief[2].

Plaintiffs welcome the opportunity to bring these proceedings to an end. Therefore, should Lot E.A. 694 and Pre-War Lot No. 1511 prove acceptable to Plaintiffs following discovery and subject to the conditions outlined above, Plaintiffs would not oppose amending the Amended Order Granting Writ of Execution authorizing levy and execution on Lot E.A. 222, Papago.

Respectfully submitted on this 18th day of July, 2006.

                                             /s/ *Robert T. Torres*
                                                     Lillian A. Tenorio
                                                      Robert T. Torres
Attorneys for Plaintiffs Angelito Trinidad, et al.

---

[2] The reason for this is that John S. Pangelinan has indicated that Plaintiffs' efforts to auction even the Papago property will be an exercise in frustration because there are apparent encumbrances that are unrecorded, all of which will reveal that John S. Pangelinan remains with title or possessory interest notwithstanding a judicial sale. This continuing but unamusing coyish gamesmanship cannot be tolerated at this stage of the proceedings.