**Robert T. Torres**
**Attorney at Law**
P.O. Box 503758
Plata Drive, Whispering Palms (Chalan Kiya)
Saipan, MP 96950

Tel: 234-7859
Fax: 234-5749

**Lillian Ada Tenorio**
**Attorney at Law**
P.O. Box 501794 CK
Plata Drive, Chalan Kiya
Saipan, MP 96950

Tel.: 234-7850
Fax: 234-7855

Attorney for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT
# FOR THE
# DISTRICT OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ANGELITO TRINIDAD, et al, ) | CIVIL ACTION NO. 97-0073 |
| ) | |
| Plaintiffs, ) | [PROPOSED] ORDER GRANTING |
| ) | MOTION FOR PERMANENT |
| vs. ) | INJUNCTION |
| ) | |
| JOHN S. PANGELINAN, et al., ) | |
| ) | |
| Defendants. ) | |

This matter came before the court on July 31, 2006, for hearing of Plaintiffs' Motion for Permanent Injunction. Plaintiffs appeared by and through their

attorneys Lillian A. Tenorio and Robert T. Torres; defendant John S. Pangelinan appearing pro se.

Based on the parties argument and the evidence adduced at the hearing through the testimony of defendant Pangelinan and Roy Alexander, the court FINDS as follows:

1. Through his letters to the editor published in the Marianas Variety, John S. Pangelinan has made threats and promises of retribution against all persons involved with the sale including Roy Alexander who was appointed to conduct the judicial sale of Lot No. E.A. 222, and the purchaser of the property. (*See* Exs. A and B admitted into evidence at the hearing.)

2. The letters were designed to intimidate those involved and connected with the sale and to obstruct and interfere with the judicial sale of Lot No. E.A. 222, and the acquisition of the property, subsequent occupancy, transfer, quiet enjoyment and other use of the lot by the purchaser.

3. Pangelinan's statements in the letters achieved their desired effect of intimidating Mr. Alexander and causing him to worry about his own personal safety, that of his staff and others connected with the sale of the lot. Consequently the first sale set for June 2, 2006 was cancelled.

4. The second sale proceeded on July 28, 2006 with Pangelinan in attendance and Mr. Alexander having accepted Rufo T. Mafnas's bid on the lot for

$100,000.

5. Pangelinan will not vacate the property voluntarily if the court confirms the sale and the quitclaim deed is issued to Mr. Mafnas, as he claims for the first time in these proceedings that the lot belongs to his son Christopher through an unrecorded deed of conveyance that he executed in 1994 and that such document is in Washington along with his other papers.

6. Pangelinan has never represented to the court that he had no interest in Lot No. E.A. 222; indeed he had argued that the lot was exempt property not subject to levy, an argument subsequently rejected by the court. *See* Amended Order Granting Writ of Execution (March 8, 2006).

7. It is abundantly clear, especially given his claim of having no interest in Lot No. E.A. 222, that Pangelinan will continue to engage in conduct designed to impede and obstruct with the judicial process relating to the acquisition by Mr. Mafnas of Lot No. E.A. 222, and his subsequent occupancy, transfer and quiet enjoyment or other use. It is also clear that Pangelinan will continue to engage in conduct to intimidate those connected with the judicial sale including Mr. Alexander and plaintiffs' attorneys.

Therefore, for good cause shown, IT IS ORDERED that:

A. John S. Pangelinan shall have no direct contact with:

    (1) Roy Alexander, his agents or employees,

   (2) Lillian A. Tenorio or her employees,

   (3) Robert T. Torres or his employees, and

   (4) Rufo T. Mafnas or his employees.

Except that Pangelinan may contact Ms. Tenorio or Mr. Torres as part of any settlement discussion or as to any procedural matters, i.e., service of pleadings.

  B. John S. Pangelinan and his agents, employees, successors and attorneys, and all those in active concert or participation with him or on his behalf shall refrain immediately from impeding or interfering with the acquisition of property, subsequent occupancy, transfer, quiet enjoyment or other use of the lot.

  C. If and when the court confirms and approves the sale of Lot No. E.A. 222 upon the motion by plaintiffs, John S. Pangelinan and his agents, employees, successors and attorneys, and all those in active concert or participation with him or on his behalf shall relinquish possession of the premises and shall leave the premises peacefully without provoking breach of the peace or interfering with the use and quiet enjoyment of the premises.

IT IS SO ORDERED.

Dated this _____ day of August 2006.

RECEIVED

AUG - 2 2006

Clerk
District Court
The Northern Mariana Islands

DAVID A. WISEMAN
Designated Judge

- 4 -