Lillian A. Tenorio
**Attorney at Law**
P.O. Box 501794
Saipan, MP 96950

Tel.: 234-7850
Fax: 234-7855

Attorney for Plaintiffs/Judgment Creditors Angelito Trinidad, Esperanza David, Hernan Tejada, Ronnie Palermino, and Tony Alovera

## IN THE UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ANGELITO TRINIDAD, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> JOHN S. PANGELINAN, et al., <br><br> Defendants. | CIVIL ACTION NO. 97-0073 <br><br> **COMBINED MOTION FOR LEAVE TO CONDUCT DISCOVERY RELATING TO CHRISTOPHER B. PANGELINAN'S CLAIM, TO STAY SALE OF LOT NO. E.A. 222, AND REQUEST FOR SANCTIONS** |

### MOTION

Plaintiffs, through counsel, respectfully move this Court for leave to take the deposition of Christopher B. Pangelinan, to stay the sale of Lot No. E.A. 222, and to request for sanctions. This motion is made pursuant to Fed. R. Civ. P. 30 and 69(a) and on the basis of the following facts and declarations and exhibits

attached hereto:

1.  During the July 31, 2006 hearing of the plaintiffs' Motion for Permanent Injunction, defendant John S. Pangelinan testified under oath that the current owner of Lot No. E.A. 222 is his son Christopher B. Pangelinan ("Christopher"), through a deed he executed in favor of Christopher in 1994. *See* Order Granting Permanent Injunction (August 3, 2006). Pangelinan also admitted that the deed has not been recorded and that it is in Washington State.

2.  The Court is aware that in opposing the Motion for Writ of Execution, defendants never represented to the court that they did not own the lot. Rather, they argued that the property was exempt from execution. *See* Amended Order Granting Writ of Execution (March 8, 2006).

3.  On August 3, 2006, defendant Pangelinan delivered a letter addressed to Rufo Mafnas's office. *See* R. Mafnas Decl. - Ex. A attached herewith. The letter, purportedly signed by Christopher and addressed to Mr. Mafnas among others, states Christopher's fee simple ownership claim to Lot No. E.A. 222. Christopher asserts that he took possession of the lot on July 1, 2006 and has "since remain possessed of it [sic]" and that his parents defendants John Pangelinan and Merced Pangelinan occupy the lot as permittees, licensees or invitees, "and at best tenants at will." Christopher states that no one inquired of him of his fee simple title claim to the lot. The letter is devoid of any mention of a

- 2 -

1994 unrecorded deed from his father.

4. The recent statements by defendant Pangelinan and his son are a cause of concern for the Plaintiffs who have expended considerable time and funds to ascertain which of Mr. Pangelinan's parcels would be suitable for execution and sale including the commissioning of a Preliminary Title Report on the lot and a separation an examination of the Commonwealth Recorder's Office files of recorded documents. These expenses would not have been incurred had Defendant Pangelinan complied with Plaintiffs' discovery requests, rather than engage in what has become a seemingly never-ending cat and mouse game to avoid divulging information on the extent of his land holdings. To be sure, Plaintiffs would not have moved to levy execution on Lot No. E.A. 222, if they had discovered a document in the Recorder's office showing that defendant Pangelinan had transferred his ownership interest to his son.

5. To move forward with the sale, Plaintiffs have no choice but to inquire whether or not Christopher has a valid interest in Lot No. E.A. 222. Plaintiffs also request that the court take judicial notice this is not the first time that defendant Pangelinan's children's names have appeared in this matter. In its Amended Findings of Facts and Conclusions of Law, the court found that daughter Marji-Ann played a key role in the perpetration of fraud on the Plaintiffs. *See* Amended Findings of Facts and Conclusions of Law at 21 (March 20, 2000). On

- 3 -

March 11, 2004, Marji-Ann's name appears again, this time in a deed of gift executed by defendants Pangelinan and Merced conveying part of E.A. 423 to her, nearly three years after the fee simple determinate estate of 55 years on the property was sold to the Plaintiffs and confirmed by this court. *See* Ex. "B". The deed of gift does not mention Plaintiffs' interest in the property or that Marji-Ann takes only Pangelinan's revisionary interest in the E.A. 423. *Id.*

6. The transfer to Marji-Ann apparently violates this court's December 3, 1999 order that "defendants shall not transfer, convey, sell, lease, rent, trade, encumber, assign, deed, give or hypothecate any interest they have in any real property without prior written notice to and approval of the court and notice to plaintiffs' attorney." Notice of Order (December 3, 1999). If no 1994 deed of gift exists as to Christopher, absent the deed, his possession as of July 1, 2006 also appears to be in violation of the order.

7. Before proceeding ahead with the confirmation of sale and subsequent transfer of title to Mr. Mafnas, a deposition of Christopher must be conducted to determine whether or not he has a legitimate claim to Lot No. E.A. 222. Christopher should also be required to produce any document in his possession to support his fee simple claim to the property.

8. Because of the necessity of the discovery stated above, a stay of the sale proceedings should be imposed, until such time that the deposition is

- 4 -

completed and review of the documents produced have been made.

9. Defendant Pangelinan has demonstrated that he will not hesitate to use anyone willing in his family to play "fast and loose" with the law and the rules of the court. He must be stopped from continuing to frustrate Plaintiffs efforts to collect the full judgment and costs they are entitled to and to make a mockery of the justice system. For that reason, the court should impose additional sanctions by awarding Plaintiffs attorney's fees and costs for this motion and for fees and costs connected to the discovery requested herein.

## CONCLUSION

For the foregoing reasons, the court is requested to grant leave to Plaintiffs to conduct discovery, to wit: issue a subpoena duces tecum to depose Christopher B. Pangelinan and to require him to produce any document in support of his fee simple claim to Lot No. E.A. 222, to stay the proceedings of the sale of the lot to Rufo T. Mafnas subject to resume upon order of the court, and to award sanctions against defendants for the fees and costs incurred in preparing this motion and conducting the discovery requested herein.

Respectfully submitted on this 8th day of August 2006.

Lillian A. Tenorio
Attorney for Plaintiffs