**Lillian A. Tenorio**
**Attorney at Law**
P.O. Box 501794 CK
Saipan, MP 96950

Tel.: 234-7850
Fax: 234-7855

Attorney for Plaintiffs/Judgment Creditors Angelito Trinidad, Esperanza David, Herman Tejada, Ronnie Palermino, and Tony Alovera

## IN THE UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ANGELITO TRINIDAD, et al, | **CIVIL ACTION NO. 97-0073** |
| Plaintiffs, | |
| vs. | **MOTION FOR AN ORDER** |
| | **TO SHOW CAUSE FOR** |
| JOHN S. PANGELINAN, et al., | **CONTEMPT OF COURT/** |
| Defendants. | **MEMORANDUM IN SUPPORT** |
| | **OF MOTION** |

### NOTICE OF MOTION

Plaintiffs, through counsel Lillian A. Tenorio, respectfully moves this court to issue an Order To Show Cause for Contempt of Court, to hold defendants  John S. Pangelinan and Merced B. Pangelinan in contempt for disregarding an order of this Court, and to impose sanctions as deemed appropriate by the court.  In support

of its motion, Plaintiffs state as follows:

1.      On December 2, 1999, this court ordered from the bench that defendants shall notify the court and obtain its approval prior to transferring, conveying, or leasing their interest in any real property.  Defendants were also required to provide notice to the plaintiffs attorneys.   *See* Notice of Order (Dec. 3, 1999).

2.      On March 11, 2004, defendants Merced B. Pangelinan and John S. Pangelinan executed a deed of gift conveying part of E.A. 423 to their daughter Marji-Ann Pangelinan.  *See* Ex. "A" attached hereto.

3.      On July 27, 2006, on the eve of the published auction and sale of Lot No. E.A. 222, defendant John S. Pangelinan executed the following documents: (1) a self-styled "confirmation deed" purporting to "confirm" unto son Christopher B. Pangelinan, a life estate in Lot No. E.A. 222; and (2) a self-styled "quitclaim deed" purporting to convey a "remainderman's estate" in Lot No. E.A. 222 to his fourth son, 10-year old Carlo B. Pangelinan.  *See* Exs. "B" and "C."

4.      In addition to the transactions on record at the Commonwealth Recorder's Office, Plaintiffs have recently discovered that defendant John S. Pangelinan has been receiving rental income from Francisco DLG. Aldan for the

- 2 -

use of the southern portion of Lot No. E.A. 222.[1]  According to Francisco DLG.

Aldan,  he executed a written 10-year lease of approximately four hectares of the

lot about three years ago and pays monthly rent of $200 to Mr. Pangelinan.  *See* L.

Tenorio Decl. attached herewith.

5.     After a review of plaintiffs' attorneys files on this matter, no record

has been found of any notice to either this court or plaintiffs' attorneys that

defendants would be executing the deeds and lease described above.  *See* L.

Tenorio Decl.[2]

6.     Defendants John S. Pangelinan and Merced B. Pangelinan are in

contempt of the court's December 2, 1999 Order.

Wherefore, for the foregoing reasons, and as set forth more fully in its

Memorandum in support of this motion, including supporting declarations and

exhibits, Plaintiffs respectfully request that the court enter an order to show cause

why defendants John S. Pangelinan and Merced B. Panglinan should not be found

in civil contempt and prays for the following relief:

1.     That the court issue an order finding and holding defendants John S.

---

[1] There is apparently another lease of Lot No. E.A. 222 with a Hugh Hargrove of Landmark Construction.  In July 2006, Mr. Hargrove told attorney Robert Torres that he has an oral lease for four years with defendant Pangelinan for two hectares of the lot.  Mr. Hargrove also stated that he has been paying monthly rent of $1,500 to Pangelinan and that he has a warehouse on the property.

[2] The absence of any such record can only mean that defendants John S. Pangelinan and Merced B. Pangelinan executed the conveyances and entered into the lease with no intention of complying with the December 2, 1999 Order, and instead have engaged in conduct designed ostensibly to perpetrate fraud on the plaintiffs and to defy this court and its orders.  These are grounds to find and hold the Pangelinans in criminal contempt of the court's order.

Pangelinan and Merced B. Pangelinan in contempt for not notifying the court and seeking leave to execute or enter into the above described transactions and for not notifying Plaintiffs' attorney as directed in the Notice of Order dated December 3, 1999.

2.    That the Plaintiffs request that the court declare the above deeds and lease in violation of its December 3, 1999 Order and are null and void.

3.    That Plaintiffs are awarded attorneys fees and costs incurred in making this motion; and

4.    That the Court grant any and all other relief deemed justified in this matter.

//

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR ORDER TO SHOW CAUSE**

1.      This court has inherent power to enforce compliance with its orders. 18 U.S.C. § 401(3) (1988) ("A court of the United States shall have power to punish . . . at its discretion, such contempt of its authority . . . as disobedience or resistance to its lawful writ, process, order, rule, decree, or command."); see also *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 193-194 (1949).

2.      Failure to comply with a court order or decree may be deemed contempt.  In order for the defendant to be found in civil contempt, the Plaintiffs must show by clear and convincing evidence that there was a lawful decree, that the defendant had knowledge of the decree, and that the decree was violated. *Falstaff Brewing Corp. V. Miller Brewing Co.*, 702 F.2d 770, 777 n. 1 (9th Cir. 1983).   Evidence of intent or willfulness on the part of the defendant is not required for a finding of civil contempt.  *McComb*, 336 U.S. at 191.

3.      In this case, there can be no dispute that the court's December 2, 1999 Order was lawful and that defendants  had knowledge of it.  On December 2, 1999, this court ordered from the bench that defendants, among other things, "shall not transfer, convey, sell, lease, rent, trade, encumber, assign, deed, give or hypothecate any interest that they have in an real property without prior written notice to and approval of the court and notice to plaintiffs' attorney." *See* Notice

- 5 -

1  of Order (Dec. 3, 1999).

2
3      4.      The only issue is whether defendants violated the December 2, 1999

4  Order.

5      5.      On March 11, 2004, defendants Merced B. Pangelinan and John S.

6
7  Pangelinan executed a deed of gift conveying part of E.A. 423 to their daughter

8  Marji-Ann Pangelinan, a copy of which was recorded at the Commonwealth

9  Recorder's Office.  *See* Ex. "A" attached hereto.

10
11     6.      On July 27, 2006, on the eve of the published auction and sale of Lot

12 No. E.A. 222, defendant John S. Pangelinan executed the following documents

13 which were recorded at the Commonwealth Recorder's Office on the same day: (1)

14
15 a self-styled "confirmation deed" purporting to "confirm" unto son Christopher B.

16 Pangelinan, a life estate in Lot No. E.A. 222; and (2) a self-styled "quitclaim deed"

17 purporting to convey a "remainderman's estate" in Lot No. E.A. 222 to his fourth

18
19 son, 10-year old Carlo B. Pangelinan.  *See* Exs. "B" and "C."

20     7.      In addition to the transactions on record at the Commonwealth

21 Recorder's Office, Plaintiffs have recently acquired information that defendant

22
23 John S. Pangelinan has been receiving rental income from Francisco DLG. Aldan

24 for the use of the southern portion of Lot No. E.A. 222.[3]  According to Francisco

25
26     [3]  There is apparently another lease of Lot No. E.A. 222 with a Hugh Hargrove of Landmark Construction.  In July 2006, Mr. Hargrove told attorney Robert Torres that he has an oral lease for four years with defendant Pangelinan
27 for two hectares of the lot.  Mr. Hargrove also stated that he has been paying monthly rent of $1,500 to Pangelinan and that he has a warehouse on the property.

28                                          - 6 -

DLG. Aldan, he executed a written 10-year lease of approximately four hectares of the lot about three years ago and pays monthly rent of $200 to Mr. Pangelinan. *See* L. Tenorio Decl. attached herewith. Mr. Aldan also stated that he has no copy of the lease and that the only known copy is in Mr. Pangelinan's possession. *Id.*

8.    After a review of plaintiffs' attorneys files on this matter, no record has been found of any notice to either this court or plaintiffs' attorneys that defendants would be executing the deeds and leases described above.[4] *See* L. Tenorio Decl.

9.    By engaging in the conduct described above, Defendants John S. Pangelinan and Merced B. Pangelinan are in contempt of the court's December 2, 1999 Order.

10.    Civil contempt "is a sanction to enforce compliance with an order of the court or to compensate for losses or damages sustained by reason of noncompliance." *McComb*, 336 U.S. at 191. The imposition and selection of sanctions are matters left to the discretion of the trial court. *Falstaff*, 533 F.2d at 784. Defendants may be ordered to compensate the Plaintiffs for their efforts in seeking the defendants' compliance with the order, "an award of costs and attorney fees in civil contempt is clearly proper." *Shakman v. Democratic Organization of*

---

[4] As argued the absence of any such record can only mean that defendants John S. Pangelinan and Merced B. Pangelinan executed the conveyances and entered into the lease with no intention of complying with the December 2, 1999 Order, and instead have engaged in conduct designed ostensibly to perpetrate fraud on the plaintiffs and to defy this court and its orders. There is sufficient basis to hold the Pangelinans in criminal contempt of the court's order.

*Cook County,* 533 F.2d 344, 351 (9th Cir. 1976).

11.    Since defendants have violated the Court's order more than once, the United States requests that the Court (1) find both John S. Pangelinan and Merced B. Pangelinan in contempt;  (2) declare as "null and void" the deeds and lease which were executed in violation of its order;   (3) award the Plaintiffs their costs and attorneys fees incurred in making this motion; and (4) grant any an all other relief as the Court may deem justified by defendants' actions.

### CONCLUSION

Defendants John S. Pangelinan and Merced B. Pangelinan have failed to comply with the court's December 2, 1999 Order requiring prior notice and approval of the court before executing deeds and leases involving their interests in any real property.  Therefore, the Plaintiffs move the Court to issue an order requiring John S. Pangelinan and Merced B. Pangelinan to show cause why they should not be held in civil contempt.

Respectfully requested this 10th day of August 2006.


                                    /s/
                                    Lillian A. Tenorio
                                    Attorney for Plaintiffs

- 8 -