Case 1:97-cv-00073   Document 572   Filed 09/07/2006   Page 1 of 2

FILED
Clerk
District Court

SEP - 7 2006

For The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ANGELITO TRINIDAD, et al., | Case No. CV-97-0073 |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR AN ORDER TO SHOW CAUSE |
| vs. | |
| JOHN S. PANGELINAN, et al., | |
| Defendant. | |

**THIS MATTER** came before the court on August 25, 2006, for hearing of plaintiffs' motion for an order to show cause. Plaintiffs appeared by and through their attorneys Robert T. Torres and Lillian A. Tenorio. *Pro se* defendants Merced B. Pangelinan and John S. Pangelinan were not present.

**THE COURT**, having considered the arguments of the parties,[1] **DENIES** plaintiffs' motion for an order to show cause to hold defendants John S. Pangelinan and Merced B. Pangelinan in civil contempt for obstructing the court December 3, 1999, order. *See* Notice of Order, No. 173 (Dec. 3, 1999).

Plaintiffs base their motion for an order to show cause on defendant John Pangelinan's alleged violation of the court's December 3, 1999, order for failure to provide the court and

---

[1] Defendant Merced Pangelinan did not file an opposition. Defendant John S. Pangelinan did file an opposition, in which he stated that he will not be present at the hearing as his "presence would be fruitless because he knows that whatever the plaintiffs ask, they always get." Opposition to Plaintiffs' Motion For An Order to Show Cause For Contempt of Court, No. 570 (Aug. 22, 2006). He further states that "[t]he record is replete with this, with Pangelinan always getting the deaf ear treatment." *Id.*

plaintiffs' attorney with written notice of any transfer, conveyance, sale, lease, rental, trade, encumbrance, assignment, deed, gift, or hypothecation of defendants' interest in any real property. This order, however, was issued before the final judgment entered on April 24, 2002. Order Denying Defendants' Federal Rule of Civil Procedure 60(b)(4) Motion For Relief From Judgment, Ordering Disbursement of Sums Being Held by Clerk of Court, and Closing File, No. 341 (Apr. 24, 2002). Furthermore, because the court did not indicate any intent for the December 3, 1999, order to continue beyond the entry of a final judgment, the order was interlocutory in nature and expired when the final judgement was entered on April 24, 2002. *Id.; see Taylor v. United States*, 181 F.3d 1017, 1018 (9th Cir. 1999). Accordingly, because defendants cannot be held in contempt of an expired order, the court **DENIES** plaintiffs' motion.

**IT IS SO ORDERED.**

    **DATED** this 7th day of September, 2006.

_____/s/_____
DAVID A. WISEMAN
Judge