JOHN S. PANGELINAN
P. O. Box 501721
Saipan, MP 96950

Telephone No. (670) 256-0526

Pro se

F I L E D
Clerk
District Court

SEP 22 2006

For The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE
UNITED STATES DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ANGELITO TRINIDAD, et al. | Civil Action No. 97-0073 |
| Plaintiffs, | |
| v. | CAUSES SHOWING WHY THE PANGELINANS SHOULD NOT BE HELD IN CIVIL CONTEMPT IN RESPONSE TO THE COURT'S *SUA SPONTE* ORDER OF SEPTEMBER 07, 2006. |
| JOHN S. PANGELINAN, et al. | |
| Defendants. | |

COMES NOW, JOHN S. PANGELINAN, herein referred to as "Pangelinan", and shows the court causes why the Pangelinans should not be held in civil contempt of court:

**ORDER UNAUTHORIZED**

On September 07, 2006, the court denied plaintiffs' motion for the Pangelinans to show cause why they should not be held in civil contempt and almost simultaneously issued its order, *sua sponte*, for the Pangelinans to show cause why they, in light of

plaintiffs' exhibits to their motion, should not be held in civil contempt for violating the court's (1) Order Granting Motion for Restraining Order (2) violating the court's Amended Order Granting Writ of Execution. Normally, the court issues an order when a motion is made for one by a party, unless the Federal Rules of Civil Procedures (Fed.R.Civ.P.) authorize an order to issue on the court's own initiative or motion. Pangelinan is at loss as to which rule authorizes the court to issue its sua sponte order and contends that there is no rule authorizing the type of order the court issued. The order is not authorized, nor is the court authorized to grant a relief to the plaintiffs which they themselves did not apply for. And, if the court holds the Pangelinans in contempt and grants the relief to the plaintiffs, then the court is requested to indicate whence its authority is derived and the propriety of the unrequested relief— this is especially so when the contempt violations occurred outside the courtroom and miles away from the courthouse, all not in sight of the judge.

There is an inherent unfairness on the part of the court to provide relief to the plaintiffs, *sua sponte,* who tied themselves a Gordian Knot that they cannot untie, and against the Pangelinans, who vehemently opposed to plaintiffs' tying of the Gordian Knot— the sale of the Pangelinans' no interests in Lot No. E.A. 222, which nevertheless garnered plaintiffs' and another person's bids that would more than satisfy the deficiency judgment, sanctions and costs. The Pangelinans are entitled to treatment of substantive due process of law— fairness. The court should let things fall where they are— proceed with the sale and bring this case finally to conclusion. The court should keep in mind that Pangelinan was arrested, jailed for fifteen days, and now faces a criminal charge of

"obstructing" the sale of Lot No. 222 which came about because of the insistence of the plaintiffs. Why is Pangelinan going to be further punished for plaintiffs' incompentence?

## ENFORCEMENT OF JUDGMENT IS BY LEGAL PROCESSES

The two orders which the court holds the Pangelinans in contempt of were issued in aid of the enforcement of the judgment entered by the court. Now that the process of enforcement is completed, with sufficient sum bidded to satisfy the judgment, costs and sanctions, that plaintiffs now move forward into that phase and have the judgment against the Pangelinans discharged. Contempt remedy is not the proper process to enforce a judgment, as the 9th Circuit Court said in the following case:

> Rule 69(a)...: "Process to enforce a judgment for the payment of money shall be by writ of execution, *unless the court directs otherwise.*" (Emphasis added.) This court has noted that this sentence "seemingly leaves open the possibility of securing payment of money judgment through the imposition of a contempt sanction". *Shuffler v. Heritage Bank*, 720 F.2d 1141, 1148 (9th Cir. 1983). "Nevertheless", we have held, "we do not interpret the exception to execution to permit a federal court to 'enforce a money judgment by contempt *or methods other than writ of execution*, except in cases where established principles so warrant'". *Id.* (quoting 7 J. Moore & J. Lucas, *Moore's Federal Practice* ¶69.03[2] (2d ed. 1982))(emphasis added. Thus, "[t]he proper means... to secure compliance with a money judgment is to seek a writ of execution". *Id.* at 1147. See also *Gabovitch v. Lundy*, 584 F.2d 559, 560-61 (1st Cir. 1978) ("[T]he legislative history and judicial application of Rule 69(a) make clear that the first sentence of the Rule expresses a limitation on the means of enforcement of money judgments and does not create a general power to issue writs of execution in disregard of the state law incorporated by the rest of the Rule.... [T]he purpose of the first sentence of Rule 69(a) is to restrict remedies on money judgments to legal process and to avoid broad invocation of in personam relief, except where established principles warrant equitable relief.").

3

Hilao v. Estate of Marcus, 95 F.3d 848, 854-55 (9th Cir. 1996). The fact of the matter is that the judgment has been fully enforced by a sale of the Pangelinans' interests in real property that garnered more than enough to satisfy the "deficiency judgment", sanctions and costs. There is no further reason to hold the Pangelinans in contempt when the conduct of the sale went as expected and the sale exceeded expectations-- when the judgment is fully satisfied by legal process.

The next step now in the process is for the auctioneer to make a return or report on the sale and tender to the court the proceeds of the sale. If Mr. Mafnas (highest bidder) did not tender the remaining 90% of his bid to the auctioneer in the allotted time, then he forfeits his 10% deposit. The auctioneer then must call in the second highest bid, which was made by the plaintiffs. Then it is up to the plaintiffs to move for confirmation of the sale. This is, from Pangelinan's perspective, the proper procedure in public auction processes. For, again, the sale more than satisfied the "deficiency judgment", sanctions and costs-- the Pangelinans should not be held in contempt *sua sponte* and the court providing a relief to the plaintiffs they did not seek.

## PROCEEDING VOID

The court and plaintiffs are reminded that the entire proceedings in this case are void. There is now filed and docketed in the U.S. Court of Appeals for the Ninth Circuit, and pending before a circuit judge, a petition for writ of habeas corpus to determine the illegality of Pangelinan's arrest and incarceration in a criminal case, which goes to the jurisdiction of this court in this case. The case in the circuit court is styled "Pangelinan v. USA, Doc. No. 06-16522, Lower Court Case No. C.A 97-00073".

## NOTICE

Pangelinan, again, gives notice that he will not be present at the hearing as it will be fruitless for him to appear, for the plaintiffs will get from the court whatever is beneficial to them even of something they *did not* ask.

************

Dated this 22nd day of September, 2006.

_____
John S. Pangelinan
Defendant, Pro se