# IN THE UNITED STATES DISTRICT COURT
# FOR THE
# DISTRICT OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ANGELITO TRINIDAD, et al, | CIVIL ACTION NO. 97-0073 |
| Plaintiffs, | |
| vs. | CERTIFICATE OF SALE |
| JOHN S. PANGELINAN, et al., | |
| Defendants. | |

1.   On March 8, 2006, the Court entered Amended Order Granting Writ of Execution attached as Exhibit "1" to satisfy and pay in full the remaining balance on the merit judgment, accrued interest, attorney's fees, costs and sanctions. *See* Amended Order Granting Writ of Execution (March 8, 2006).

**EXHIBIT "B"**

2. On February 22, 2006, the Court issued an Order authorizing Roy Alexander to levy execution on Lot No. E.A. 222 to satisfy the balance on the judgment, accrued interest, and additional costs and sanctions by this court, after making demand of the defendants to pay the execution or exhibit property subject to execution. A true and correct copy of which is attached hereto, labeled as Exhibit "2" and incorporated herein by this reference, in which the undersigned was directed and authorized to sell the interest of Defendants' parcel of real property, to wit:

> Lot No. EA No. 222, situated in Papago, Saipan, Commonwealth of Northern Mariana Islands containing an area of 96,905 square meters, more or less, as more particularly described on Drawing/Cadastral Plat No. 2043/80, the original of which was registered with Land Registry as Document No. 10761, on the 18th day of September 1980.

3. Pursuant to said Exhibits "1" and "2" commencing on July 20, 2006, I issued Notice of Sale of the interest of the real property described in the said Order and then auctioned the property at public sale. Lillian Tenorio representing the plaintiffs Angelito Trinidad, Esperanza David, Ronnie Palermino, and Tony Alovera placed a bid of $98,101.14 and Olivia D. Aniñon representing Rufo Mafnas placed a bid for $100,000.00.

4. Rufo Mafnas is the winning bidder on Lot No. EA No. 222.

ACCORDINGLY, I HEREBY CERTIFY that for and in consideration of the sum of $100,000, for Lot No. E.A. 222, as the fully appointed levying officer/auctioneer, I have granted, bargained and sold, and do hereby convey to Rufo T. Mafnas, and his heirs and assigns a fee simple interest in and to Lot No. E.A. 222.

Pursuant to the order of this court approving the sale of the above-described property for the amount set forth, the undersigned executes this Certificate of Sale.

Respectfully submitted this 22nd day of December, 2006.

_____
ROY E. ALEXANDER

| | |
|---|---|
| COMMONWEALTH OF THE ) | |
| NORTHERN MARIANA ISLANDS ) | ss: ACKNOWLEDGMENT |
| SAIPAN ) | |

On this 22nd day of December, 2006, before me, a Notary Public in and for the Commonwealth of the Northern Mariana Islands, personally appeared, ROY E. ALEXANDER, to me personally known to be the identical person whose name is subscribed above on the foregoing Certificate of Sale and who acknowledged the execution of the same to be of his own free will and voluntary act and deed.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal the day and year first above-written.

_____
Notary Public

Maria Rita A. Maravilla
NOTARY PUBLIC
IN AND FOR THE COMMONWEALTH OF
THE NORTHERN MARIANA ISLANDS
My Commission expires: 08-26-2007

FILED
Clerk
District Court

MAR - 8 2006

For The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ANGELITO TRINIDAD, et al., | Case No. CV-97-0073 |
| Plaintiff, | |
| vs. | AMENDED ORDER GRANTING WRIT OF EXECUTION |
| JOHN S. PANGELINAN, et al., | |
| Defendant. | |

**THIS MATTER** came before the court on Thursday, January 26, 2006, for hearing of plaintiff's motion for writ of execution and sale of real property. Plaintiffs appeared through their attorney, Lillian A. Tenorio; defendants John S. Pangelinan and Mercede B. Pangelinan appeared *pro se*.

**THE COURT**, having considered the written and oral argument of the parties, makes the following disposition:

### I. BACKGROUND

On February 25, 1999, the court awarded Plaintiffs $300 for attorney's fees and costs incurred for preparing their motion to compel discovery. Notice of Order Granting Motion to Compel Discovery, Awarding Attorney Fees, and Granting Ex Parte Motion to File Fourth Amended Complaint, No. 86 (Feb. 25, 1999).

On December 2, 1999, at the close of the bench trial, the court ordered from the bench that Defendants not sell, rent, lease, give, pledge, transfer, hypothecate, or in any way encumber, either

502



EXHIBIT "1"

19

temporarily or permanently, any real property in which they have any interest whatsoever, without first obtaining the permission of the court.

On March 20, 2000, the court issued judgment in favor of Plantiffs for an amount of $205,787.34, which began accruing 6.197 percent interest per year from the date of judgment. Amended Findings of Fact and Conclusions of Law, No. 191 (Mar. 20, 2000). The court also awarded attorney's fees of $70,200.00 and costs of $3,375.20. Order Granting Attorney's Fees and Costs to Plaintiffs, No. 192 (Mar. 20, 2000).

On July 30, 2001, the court awarded Plaintiffs attorney's fees of $866.66 and costs of $23.18 for preparing their order to show cause. Order Awarding Attorney Fees and Costs to Plaintiff's Attorney, No. 310 (July 30, 2001). On September 6, 2001, the court granted Plaintiff's motion for attorney's fees and costs of $4,848.85 incurred in filing Plaintiff's motion for a temporary restraining order and preliminary injunction. Order Granting Attorneys Fees and Costs, No. 329 (Sept. 6, 2001). On January 8, 2004, the court awarded Plaintiffs attorney's fees and costs of $545 to defend Defendants' frivolous motion for accounting. Notice of Order Denying Defendant's Motions for an Accounting and Granting Plaintiff's Motion for Sanctions, No. 387 (Jan. 8, 2004).

Since the court entered judgment, Defendants have failed to voluntarily satisfy the judgment. In an effort to collect upon the judgment, Plaintiffs successfully levied execution and purchased 55 year leases of four parcels of land ("Garapan property") belonging to Defendants for $210,000.00 in partial fulfillment of the judgment. Order Confirming Sale of Fee Simple Determinable Estates in Four Parcels of Real Property, No. 293 (July 13, 2001). This still left a deficiency judgment, which has been accruing interest of 6.197% from July 1, 2001.

In an effort to collect the remaining deficiency in the judgment, Plaintiffs have attempted discovery under Federal Rule of Civil Procedure 69(a). However, because Defendants failed to appear at the January 29, 2004 deposition and did not supply any of the documentation required by the subpoena duces tecum, the court awarded Plaintiffs attorney's fees and costs of $214. Order Granting Motion to Compel and Motion for Sanctions, No. 411 (Apr. 1, 2004). The subpoena duces

2

tecum required Mr. Pangelinan to bring all records and documents relating to Defendants' financial status. Notice of Deposition and Subpoena Duces Tecum Directed to John S. Pangelinan, No. 388 (Jan. 21, 2004).

On April 30, 2004, after Mr. Pangelinan failed to submit to the Federal Rule of Civil Procedure 30(b)(4) oath on March 27, 2004 for a proper deposition, the court found Mr. Pangelinan in civil contempt of court. Order Finding Defendant John S. Pangelinan in Contempt of Court, No. 428 (Apr. 30, 2004).

While Mr. Pangelinan's refuses to voluntarily or involuntarily supply information necessary for Plaintiffs to recover the judgment, Plaintiffs have discovered that Defendants own a certain real property located in the Commonwealth of the Northern Mariana Islands ("Commonwealth") known as E.A. 222, which comprises of approximately 96,905 square meters and is situated in Papago, Saipan. The Preliminary Title Report from Pacific American Title indicates that Mr. Pangelinan currently has the entire right, title, and interest to E.A. 222.

Currently, there is a deficiency of the merit judgment and the sanction imposed upon the defendants.

## II. ANALYSIS

In accordance with Federal Rule of Civil Procedure 69(a), a writ of execution is necessary to enforce a judgment. A proceeding on and in aid of execution must follow the practice and procedure of the Commonwealth of the Northern Mariana Islands ("Commonwealth" or "CNMI"). Fed. R. Civ. P. 69(a). Accordingly, "[t]he court, at the request of the party recovering any civil judgment in that court for the payment of money, shall issue a writ of execution against the personal property of the party against whom the judgment has been rendered, except as provided in 7 CMC § 4210." 7 CMC § 4203 (2004). Under CNMI law,

//

//

> All interests in land, but any interest owned solely by a judgment debtor, in his or her own right, may be ordered sold or transferred under an order in aid of judgment if the court making the order deems that justice so requires and finds as a fact that after the sale or transfer, the debtor will have sufficient land remaining to support himself or herself and those persons directly dependent on the debtor according to recognized local custom and the law of the Commonwealth.

7 CMC § 4210(c) (2004).

Here, Plaintiffs have moved the court to issue a writ of execution against E.A. 222 up to the balance of the judgment plus attorney's fees and costs. Mr. Pangelinan has shown that he will take whatever measures he can to stymie further efforts to discover additional assets from which the judgment can be satisfied. Accordingly, because Defendants have continually frustrated Plaintiffs' efforts to collect on the judgment and have refused to comply with court orders to comply with Plaintiffs' efforts to collect on the judgment, justice so requires that the court issue the writ of execution. Defendants, however, claim that based on several arguments, the court should not issue the writ of execution. The court will consider each in turn.

First, Defendants John S. Pangelinan and Merced B. Pangelinan claim that the motion should be denied because the court lacks jurisdiction. However, their objections to subject matter and personal jurisdiction, having been rejected numerous times by the court, are barred by the law of the case and are plainly frivolous. Both the court and the Ninth Circuit have made it clear that the court has proper jurisdiction over this case. *See Trinidad v. Pangelinan*, 54 F. App'x 470 (9th Cir. 2003) (affirming district court and denying further filings in the closed appeal); *Trinidad v. Pangelinan*, 32 F. App'x 357, 359 (9th Cir. 2002) (affirming that district court had proper jurisdiction over the case and the parties); Order Granting Motion to Compel and Motion for Sanctions at 1-2, No. 411 (Apr. 1, 2004) (denying Defendants' objection to jurisdiction). The U.S. Supreme Court has denied certiori. *Pangelinan v. Trinidad*, 538 U.S. 1064 (2003). Moreover, the court has jurisdiction over post-judgment proceedings pursuant to Federal Rule of Civil Procedure 69.

Second, Defendants claim that the motion for a writ of execution is improper. However, as

4

explained above, a writ of execution is necessary to enforce a judgment. Fed. R. Civ. P. 69(a). Under Commonwealth law, Plaintiffs must make a motion for a writ of execution to issue.

Third, Plaintiffs contend that Plaintiff's motion for writ of execution is an abuse of process because the court judgment has already been satisfied since (1) the court confirmed the sale of the four parcels of real property on June 26, 2001; (2) Plaintiffs were the purchasers of the fifty-five year land lease; and (3) in essence, the sale price of $210,0000 was not fair and reasonable and should cover the entire judgment.

All these contentions, however, are misplaced. In the court's Order Confirming Sale of Fee Simple Determinable Estates in Four Parcels of Real Property at 3, No. 293 (July 13, 2001), the court specifically stated:

> [P]laintiffs, having bid a total of TWO HUNDRED TEN THOUSAND and No/100s DOLLARS ($210,000.00), and that amount having been set off against their judgment, with accrued interest to date, against defendants in the amount of $295,899.58, there remains a deficiency judgment against defendants in the amount of $85,899.58 (not including additional attorney fees, costs, and expenses incurred by plaintiffs[)] which shall continue to accrue interest at the rate of 6.197% from July 1, 2001, until paid in full.

Accordingly, it having been more than three years since the court issued the order, Defendants have waived any objections they had to the existence of the remaining deficiency and the reasonableness of the sale price.

Fourth, Defendants contend that the Plaintiffs' attorney's fees and costs that Defendants have been ordered to pay may not be discharged by the sale of Defendants' real property as they are not part of the judgment. The term "judgment" as used in § 4203 must be construed the way the court deems the Commonwealth Supreme Court has construed it. "Where [the Commonwealth Supreme Court] has not decided a legal issue, [the court] must use [its] best judgment to predict how that court would decide it." *Allen v. City of Los Angeles*, 92 F.3d 842, 847 (9th Cir. 1996). The court is persuaded by the Ninth Circuit's interpretation of the term "judgment" to include attorney's fees and costs that the court awards in conjunction with the case. *See e.g., Friend v. Kolodieczak*, 72 F.3d

5

1386, 1391-92 (9th Cir. 1995). Accordingly, after much consideration, the court deems that the Commonwealth Supreme Court would also construe "judgment" to include any awards of attorney's fees and costs. Therefore, attorney's fees and costs may be recoverable by a writ of execution.

Fifth, Defendants argue that the motion for writ of execution is untimely because the motion was made beyond a year and a day after judgment. However, Commonwealth law provides that the statute of limitations to commence actions upon a judgment is twenty years. 7 CMC § 2502 (2004). Since the judgment was issued on March 20, 2000, there is no doubt that this motion is timely.

Sixth, Defendants argue that Lot E.A. No. 222, Papago, Saipan, is exempt from a writ of execution under 7 CMC § 4210(c) because any income producing property is exempt from execution. However, the statute does not go so far as to exempt all income producing property. Instead, the statute exempts only so much land that is sufficient for Defendants to support themselves and those directly dependent on Defendant "according to recognized local custom and the law of the Commonwealth." § 4210(c).

Defendants have not given Plaintiffs the opportunity to discover facts that will show whether Defendants will or will not have sufficient land remaining to support themselves. In fact, Defendants have frustrated the process by refusing to submit to discovery, even after ordered to do so by the court. Even after Mr. Pangelinan was held in civil contempt, he chose to stay in jail rather than submit to Federal Rule of Civil Procedure 69(a) discovery requirements. By failing to submit to discovery and by failing to disclose their financial status, Defendants have deliberately prevented Plaintiffs from enforcing their judgment.

Because Defendants frustrated the process of enforcing the judgment, it is Defendants' burden to show the court that they will not have sufficient land remaining to support themselves. Unless Defendants submit to discovery, the court has no way of knowing Defendants' actual financial status. Furthermore, Plaintiffs have provided some evidence that suggests that Defendants have numerous other real properties such that Defendants will have sufficient land remaining to support themselves. *See* Declaration of Charles R. Rotbart in Support of Motion for Issuance of Writ

6

of Attachment and Writ of Execution on Judgment, Exhibit A, No. 197 (May 4, 2000). Accordingly, since the court, as explained above, has deemed that justice so requires, § 4210 is not an impediment to Plaintiffs' motion.

Seventh, Defendants claim that the judgment has been satisfied and discharged by the rents Plaintiffs have received from the Garapan property because the sale violated the Commonwealth Constitution or, in the alternative, because the Plaintiff's fee simple determinable interest in the Garapan property does not entitle Plaintiffs to the rent it receives for leasing it to a third party. This is also a frivolous argument. The court has already articulated that the sale of the Garapan property did not violate the Commonwealth Constitution. Order Confirming Sale of Fee Simple Determinable Estates in Four Parcels of Real Property, No. 293 (July 13, 2001). The Ninth Circuit affirmed, *Trinidad v. Pangelinan*, 54 F. App'x 470 (9th Cir. 2003), and the U.S. Supreme Court has denied certiori, *Pangellnan v. Trinidad*, 538 U.S. 1064 (2003). Furthermore, by its very nature, a fee simple determinable, or, in this case better termed an estate for fifty-five years, entitles the holder of the estate to any rents brought from the property.

Accordingly, having carefully considered the arguments of the parties, **THE COURT HEREBY ISSUES**, pursuant to the provisions of Federal Rule of Civil Procedure 69(a) and 7 CMC § 4203, a writ of execution against defendants' property known as E.A. 222.

The court suggests that if Defendants prefer to keep E.A. 222 and satisfy the judgment by the sale of other property or some other means, they should attempt to make arrangements with Plaintiffs to satisfy the judgment by alternative means. Considering that the Ninth Circuit has upheld the court's jurisdiction and the Supreme Court has denied certiori, the court urges Defendants to voluntarily satisfy the judgment so that they may keep the property that is most important to them.

//

//

//

7

Furthermore, although Plaintiffs request the court to grant sanctions, a separate motion for sanctions under Federal Rule of Civil Procedure 11 must be made before the court may consider the matter.

DATED this ___ th day of March, 2006.

DAVID A. WISEMAN
Judge

COPY of Original Filed on this date

MAY 15 2006

Clerk
District Court
For The Northern Mariana Islands

IN THE UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ANGELITO TRINIDAD, et al., | CIVIL ACTION NO. 97-0073 |
| Plaintiffs, | |
| vs. | DEMAND PURSUANT TO 7 CMC § 4204(a); NOTICE OF LEVY ON LOT NO. E.A. 222 |
| JOHN S. PANGELINAN, et al., | |
| Defendants. | |

To: John S. Pangelinan, Merced Pangelinan, and Papa's Ltd, Inc.:

On January 27, 2006, the above court issued an Order Granting Writ of Execution against Lot No. E.A. 222, which was amended by the court on March 8, 2006. (See attached Amended Order Granting Writ of Execution). On February 22, 2006, the court issued a procedural Order Authorizing Roy Alexander to Levy Execution on Lot No. E.A. 222. (See attached Order Authorizing Roy Alexander to Levy Execution).

Pursuant to the court's procedural order and 7 CMC § 4204(a), I am

EXHIBIT "2"

26

required to demand of you, prior to the sale of Lot No. E.A. 222, the full payment of the execution or to exhibit sufficient property, other than Lot No. E.A. 222, subject to execution.

Accordingly, I hereby demand that you pay in full the following amount, or exhibit other property subject to execution:

1. Deficiency judgment, accrued interest up to March 15, 2006, attorney's fees and costs (including sanctions)..................................................$96,737.64

You must deliver payment of the remaining balance of the judgment, interest and attorney's fees, costs and expenses thereof, or exhibit sufficient property subject to execution within 15 days from the date you receive this Demand of Payment/Exhibit of Sufficient Property; Notice of Levy.

Full payment or exhibit of sufficient property subject to execution must be delivered on or before 5 p.m., on the last day of the 15-day period, to the Office of Lillian A. Tenorio, Attorney at Law, Plata Drive, Chalan Kiya, Saipan, MP 96950.

If you fail to meet this demand of payment or to exhibit sufficient property subject to execution by said period, I will levy execution on Lot No. E.A. 222 and proceed with the sale of said parcel in accordance with law.

Dated this 21 day of March, 2006.

_____
Roy Alexander